HUGHES ET AL. *v.* WMCA, INC., ET AL.

No. 623.   Decided February 1, 1965.*

*John H. Hughes, pro se,* for appellants in No. 623.

*Leonard B. Sand, Max Gross, Leo A. Larkin, Jack B. Weinstein* and *Robert B. McKay* for appellees in No. 623.

*Robert Y. Button,* Attorney General of Virginia, *R. D. McIlwaine III,* Assistant Attorney General, *David J. Mays* and *Henry T. Wickham* for appellants in No. 718.

*Edmund D. Campbell* and *E. A. Prichard* for Mann et al., and *Henry E. Howell, Jr., Leonard B. Sachs* and *Sidney H. Kelsey* for Glanville et al., appellees in No. 718.

PER CURIAM.

The motions to affirm are granted and the judgments are affirmed.

MR. JUSTICE WHITE and MR. JUSTICE GOLDBERG join the affirmance in No. 623 since it is their understanding that it in no way interferes with the power of the District Court, in the light of circumstances as they may develop, to vacate or otherwise modify its order requiring an election in the fall of 1965.

MR. JUSTICE HARLAN, whom MR. JUSTICE CLARK joins, dissenting.

Both of these cases, today affirmed summarily by the Court, raise serious problems concerning the scope of

*Together with No. 718, *Davis, Secretary, State Board of Elections, et al.* v. *Mann et al.,* on appeal from the United States District Court for the Eastern District of Virginia.

the discretion of a federal court to fashion interim relief in state reapportionment cases, matters not hitherto decided by this Court.

## No. 623.

The New York Constitution, Art. III, § 2, provides that the State Legislature will be elected every two years, serving for two annual sessions. Between sessions the Legislature normally works in committee, conducting hearings and drafting reports to be submitted at the following session. In *WMCA, Inc.* v. *Lomenzo,* 377 U. S. 633, this Court held the New York legislative apportionment formula invalid under the Fourteenth Amendment, and remanded the cause to the District Court for appropriate relief. Among other things, the Court authorized the District Court in its discretion to permit the November 1964 elections to proceed under the invalidated apportionment "in order to give the New York Legislature an opportunity to fashion a constitutionally valid legislative apportionment plan . . . ." 377 U. S., at 655.

The District Court, on July 27, 1964, entered a decree permitting the November 1964 elections to be conducted under the invalidated plan, but limiting the term of the Legislature to one year. The decree also ordered that an election be held in November 1965 under a valid apportionment plan, to be enacted by the Legislature by April 1, 1965,* and that the Legislature elected in 1965 would also serve for only one year so that the November 1966 election would be held as scheduled by state law. As a result of this order New York will have to conduct three elections in as many yea.., and forgo the normal work of the Legislature between sessions.

---

*Such a plan, enacted by the New York Legislature, has recently been approved by the District Court.

*No. 718.*

Virginia elects its lower house, the House of Delegates, every two years to serve for one biennial session of the General Assembly. The Senate is elected for four years to serve during two sessions of the General Assembly which are held each January following the election of the House of Delegates. In November 1962 the District Court held the Virginia apportionment of both houses unconstitutional, and enjoined any further elections under the invalidated plan. Pending appeal to this Court, THE CHIEF JUSTICE stayed the injunction of the District Court, and the 1963 elections were held under the invalidated plan. After the District Court was affirmed on the merits, *Davis* v. *Mann,* 377 U. S. 678, that court entered a decree on September 18, 1964, directing the General Assembly to reapportion in time for the November 1965 election of the House of Delegates, and ordered further that a special election be held at the same time to elect a properly apportioned Senate to serve for two years. Thus the present Senate, elected in November 1963 to serve for four years, has been limited to a two-year term, and the Senate to be elected next November will also be so limited.

The orders of the District Courts entered in these two cases present for me important questions which deserve plenary consideration by this Court. I would note probable jurisdiction in both cases and set them for argument on the earliest practicable date at the next argument session of the Court commencing March 1.