Burke, J. (concurring).
The time and method of holding an election for State officials are State questions. The United States Supreme Court has directed that the greatest possible deference be paid to State action (Reynolds v. Sims, 377 U. S. 533; Scott v. Germano, 381 U. S. 407). But the 1964 and 1965 Legislatures have failed to provide legitimate legislative apportionment by Constitutional Convention or otherwise to carry on government.
Since both the present legislative apportionments are totally void (WMCA v. Lomenzo, 377 U. S. 633 [1964]; Matter of Orans, 15 N Y 2d 339) and since the United States Supreme Court had directed that an election be held in 1965 only if there is a valid legislative apportionment, the defendant must be enjoined from holding an election under plan A which would place power in the hands of an illegally constituted Legislature (Matter of Orans, supra). Therefore, an election this year can only be held legally by providing that the proper number of legislators be elected at large. Under these circumstances, I would limit the relief sought by the plaintiffs to a reversal of the order of the Appellate Division and the reinstatement of the order and judgment of the Supreme Court, Albany County.
Judges Fuld, Vast Voorhis and Bergan dissent in the following memorandum: In our view, the decision now being handed down serves only to further confound a most unfortunate and confused situation.
The members of the New York State Legislature who are now in office were elected under an apportionment which the Supreme Court of the United States has held to be invalid under the Fourteenth Amendment to the Constitution of the United States. *31 (See WMCA v. Lomenzo, 377 U. S, 633.) The decision of the three-Judge Federal District Court directing an election in 1965 under “Plan A” (Reapportionment Compliance Act, L. 1964, ch. 976) implements the Supreme Court’s holding in the WMCA case (377 U. S. 633, supra). That there should be an election this year, 1965, in order to avoid the consequences of the prior unconstitutional malapportionment was evidently a primary object of the Federal courts in arriving at their conclusion (see, e.g., Hughes v. WMCA, 379 U. S. 694) and, some six weeks ago, the District Court concluded that there was insufficient time to fashion any new apportionment scheme without jeopardizing an election in 1965.
For the courts of this State now to grant injunctive relief, preventing the holding of an election in 1965, would be in direct conflict with the District Court’s decision, a decision which, in view of the Supreme Court’s recent denial of an application for a stay, has that tribunal’s implicit approval. (See Travia v. Lomenzo, 381 U. S. 431.) Such a conflict between Federal and State judicial power — quite apart from the supremacy clause of the Federal Constitution — should be avoided in the interest of the public order and the proper administration of justice. In this litigation, the Federal courts long ago assumed jurisdiction to implement the reapportionment decisions of the United States Supreme Court and, even if our State courts possessed a concurrent jurisdiction, the established rule is that under such circumstances the court first exercising jurisdiction does so to the exclusion of the other. We should not here depart from this rule.
The order appealed from should be affirmed.