Ellis **RADER** et al., Plaintiffs-Appellants,

v.

Melvin **CLIBURN** et al., Defendants-Appellees.

No. 72–1874.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 8, 1973.

Decided March 28, 1973.

J. H. Reneau, III, Celina, Tenn., for plaintiffs-appellants.

J. A. Wells, LaFayette, Tenn., Lamar Alexander, Nashville, Tenn., Dearborn & Ewing, Nashville, Tenn., J. H. Reneau,

Jr., Lafayette, Tenn., on brief, for defendants-appellees.

Before PHILLIPS, Chief Judge, and CELEBREZZE and PECK, Circuit Judges.

PER CURIAM.

The Board of Education of Macon County, Tennessee, was reapportioned by order of the United States District Court for the Middle District of Tennessee on February 25, 1970. Clark v. Austin, Civil Action No. 538. The reapportionment order, issued by then District Judge William E. Miller, was the culmination of a class action filed by residents and taxpayers of Macon County claiming the Board's election districts violated the dictates of the one-man, one-vote doctrine as announced by the United States Supreme Court. *See* Avery v. Midland County, 390 U.S. 474, 88 S.Ct. 1114, 20 L.Ed.2d 45 (1968); Baker v. Carr, 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962). There was no appeal from the agreed order which, in addition to providing for a new zone system, ordered an election of Board members for concurrent initial terms of six years, beginning in September 1970.

On April 19, 1972, twenty-six months after Judge Miller's above described order, the present appellants, Macon County residents who had not been parties to the *Clark* suit, brought this action in the Middle District of Tennessee seeking a "correction" of the earlier order. The appellants claimed that the *Clark* order failed to take into consideration a Tennessee statute[1] which provided that, if a federal court abolished a county board of education for reasons of malapportionment, staggered terms were to be given to new board members. The appellants claim that Judge Miller's order in providing for concurrent six-year terms for the new board members was beyond the jurisdiction of the District Court.

District Judge L. Clure Morton dismissed the appellants' suit, holding that there was no deprivation of any federal right asserted and that the court had no jurisdiction under 42 U.S.C. § 1983. Orr v. Trinter, 444 F.2d 128 (6th Cir. 1971), cert. denied, 408 U.S. 943, 92 S.Ct. 2847, 33 L.Ed.2d 767, rehearing denied, 409 U.S. 898, 93 S.Ct. 95, 34 L.Ed. 2d 157 (1972). Judge Morton held that there were only two possible grounds for relief, action under Rule 60(b)(6) of Fed.R.Civ.P.[2] or as an independent suit in equity for relief from a judgment.

We affirm the judgment of dismissal.

1. Chapter 252 of the Public Acts of 1967 describes the action which should be taken for the establishment of school boards in the situation where federal courts declare the membership of a county school board in violation of the United States Constitution. That act makes applicable T.C.A. § 49–208 (ch. 262, Pub. Acts of 1961) to this situation. It provides for staggered terms of office for school board members.

Chapter 262, Pub. Acts of 1961 provides the following:

"An Act to provide a system of staggered terms for members of County Boards of Education.

"Section 1. *Be it enacted by the General Assembly of the State of Tennessee,* That at the next regular election immediately preceding the expiration of the terms of office which members of the various County Boards of Education are now serving, the members of the County Boards of Education shall be elected in the following manner, and the provisions hereof shall be controlling both in those Counties where members of Boards of Education are elected by the Quarterly County Court and in those Counties where members of the Boards of Education are elected by the vote of the people:"

Appellants claim that Judge Miller's order, providing for six-year terms for the members of the newly constituted board violated the statute.

2. Rule 60(b), Fed.R.Civ.P. provides:
   "(b) *Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.* On motion and

**184**

There can be no serious contention that Judge Miller was without power to mandate the concurrent six-year terms for board members. The status of federal district courts as courts of equity affords them great latitude in the fashioning of remedies for constitutional violations in reapportionment cases. *See* W.M.C.A., Inc. v. Lomenzo, 238 F.Supp. 916 (S.D.N.Y.1964), aff'd, 382 U.S. 4, 86 S.Ct. 24, 15 L.Ed.2d 2 (1965); Reynolds v. State Election Board, 233 F.Supp. 323 (W.D.Okl.1964).

There has been no showing under Rule 60(b)(6) of anything to indicate that the District Court overlooked any State statute in issuing the 1970 order. To the contrary, the District Judge, with his long background of experience in Tennessee law, both as a judge and practicing attorney, is presumed to have been aware of all relevant Tennessee statutes. As for the independent suit in equity, there have been no grounds alleged or shown which would merit relief. This assuredly is not a case of unusual and exceptional circumstances, Crosby v. Mills, 413 F.2d 1273, 1276 (10th Cir. 1969), for which such relief may be granted.

This court is of the opinion that in 1976 at the expiration of the present terms of members of the Macon County Board of Education the staggered election system outlined by T.C.A. § 49–208 will take effect; that is, members elected in 1976 will serve for staggered terms as provided by the statute.

Affirmed.

upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresenta-

tion, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment."