**Nora RICKER et vir., Plaintiffs,**

v.

**AMERICAN ZINSER CORPORATION et al., Defendants.**

No. CIV-2-77-169.

United States District Court,
E. D. Tennessee,
Northeastern Division.

Sept. 11, 1978.
On Motion for Relief from Judgment
Oct. 2, 1978.

See also, D.C., 506 F.Supp. 3.

Kyle K. King and K. Kidwell King, Greeneville, Tenn., for plaintiffs.

F. Graham Bartlett and Robert B. Ray Knoxville, Tenn., for defendants.

## MEMORANDA OPINION AND ORDERS

NEESE, District Judge.

This is a civil action for damages for personal injuries and loss of consortium suffered from the use of a product. 28 U.S.C. §§ 1332(a)(1), (c). The defendant American Zinser Corporation (American Zinser) moved the Court for a summary judgment, submitting in support of such motion affidavits. Rules 56(b), (e), Federal Rules of Civil Procedure. The plaintiffs submitted in response thereto, the affidavit of their attorney.

The affidavits submitted by American Zinser show that the machine involved in this action was manufactured by the defendant Zinser Textilmaschinen GmbH; that it was sold directly by such defendant to the female plaintiff's employer; that American Zinser's records disclose no involvement by it in any transaction involv-

ing said machine; and that according to such defendant's records it never purchased, sold, delivered, caused to be delivered, accepted or was paid any commission or other compensation nor was involved (either as principal or agent) with the acquisition of such machine by the aforementioned employer. The answers by American Zinser to certain written interrogatories propounded to it by the plaintiffs fully support its contention that it never had any connection with the machine which is the subject of this action.

Faced with these materials, the plaintiffs were required to make a response which " * * * set forth *specific* [emphasis provided] facts showing the existence of a genuine issue for trial. * * * " *Thompson v. Chrysler Corporation,* C.A. 6th (1978), 569 F.2d 989, 992. The ultimate facts and conclusions contained in the affidavit of counsel for the plaintiff are insufficient to do so. See *Bsharah v. Eltra Corporation,* C.A. 6th (1968), 394 F.2d 502, 503[1]. " * * * [A] [p]laintiff may not raise an issue of fact by merely referring to the proposed testimony of possible witnesses. * * * An affidavit stating what the attorney believes or intends to prove at trial is insufficient to comply with the burden placed on a party opposing a motion for summary judgment under Rule 56. * * * " *King v. National Industries, Inc.,* C.A. 6th (1975), 512 F.2d 29, 33–34[10], citing *Automatic Radio Mfg. Co. v. Hazeltine Research, Inc.* (1950), 339 U.S. 827, 831, 70 S.Ct. 894, 94 L.Ed. 1312.

■ The purpose of a motion for summary judgment is to test whether facially adequate allegations have sufficient basis in fact to warrant plenary presentation of evidence. *Blackledge v. Allison* (1977), 431 U.S. 63, 80, 97 S.Ct. 1621, 52 L.Ed.2d 136, 151[8]. The plaintiffs alleged herein that the defendants designed, manufactured,

sold, and installed the machine which proximately caused their respective injuries and damages. II(a), pretrial order herein of June 8, 1978.* American Zinser met its burden of showing that, as to it, these allegations had no basis in fact. Mere hope by the plaintiffs that evidence may turn up to support their position does not suffice to warrant a trial. 6 Moore's Federal Practice (2d ed.) 56–422, ¶ 56.15[1.—06].

■ There thus being no genuine issue of material fact extant between the plaintiffs and the defendant American Zinser Corporation, and the latter being entitled to a judgment as a matter of law, its motion for summary judgment hereby is GRANTED. Rule 56(c), Federal Rules of Civil Procedure. Summary judgment will enter that the plaintiffs take nothing herein from the defendant American Zinser Corporation. Rule 58(1), Federal Rules of Civil Procedure.

Upon motion of the plaintiffs, Rules 33(a), 37(a)(2), Federal Rules of Civil Procedure, the defendant Zinser Textilmaschinen GmbH hereby is ORDERED to answer fully and unevasively within 5 days herefrom each of the written interrogatories previously propounded to it by the plaintiffs.

### ON MOTION FOR RELIEF FROM JUDGMENT

Summary judgment was entered herein in favor of the defendant American Zinser Corporation (American Zinser) on September 11, 1978.[1] The plaintiffs now seek relief from such judgment on the claim that newly discovered evidence shows that such defendant is not entitled to a summary judgment. Rule 60(b)(2), (6), Federal Rules of Civil Procedure. The motion lacks merit and hereby is

OVERRULED.

---

* The pretrial order, by its terms, provides that it supplants the pleadings herein, and thus controls the subsequent course of this action. Rule 16, Federal Rules of Civil Procedure; *United States v. Hougham* (1960), 364 U.S. 310, 315, 81 S.Ct. 13, 17, 5 L.Ed.2d 8, 14 (headnote 4), rehearing denied (1960), 364 U.S. 938, 81 S.Ct. 376, 5 L.Ed.2d 372.

1. This motion was filed herein on June 29, 1978. It was not ruled upon by the Court until the plaintiffs, on two separate occasions, had been allowed additional time within which to make any desired response thereto.

Relief from a judgment is not available generally under Rule 60(b), *supra*, except in exceptional circumstances. *DiVito v. Fidelity & Deposit Co. of Maryland*, C.A. 7th (1966), 361 F.2d 936, 938[1]; *Tann v. Service Distributoris, Inc.*, D.C.Pa. (1972), 56 F.R.D. 593, 600[9], affirmed C.A.3d (1973), 481 F.2d 1399 (table). The so-called "new evidence" now offered by the plaintiffs does not create a genuine issue of material fact herein, since nothing therein purports to show that American Zinser designed, manufactured, sold, or installed the machine which proximately caused the plaintiffs' respective injuries and damages as they allege herein. To hold this defendant liable under such circumstances would run counter to logic.[2] *Cf. Garrison v. Rohm And Haas Company*, C.A. 6th (1974), 492 F.2d 346, 351[2].

Their "new evidence", not being sufficient to change the result of the Court's granting of American Zinser's motion for a summary judgment, the plaintiffs are not entitled to relief therefrom under Rule 60(b), *supra*. See: *Trans Mississippi Corp. v. United States*, C.A. 5th (1974), 494 F.2d 770, 773[3]; *Giordano v. McCartney*, C.A.3d (1967), 385 F.2d 154, 155[2]; *U. S. Fidelity & Guaranty Co. v. Lawrenson*, C.A. 4th (1964), 334 F.2d 464, 466[3], certiorari denied (1964), 379 U.S. 869, 85 S.Ct. 141, 13 L.Ed.2d 71. Neither is this an extraordinary situation, contemplated by Rule 60(b)(6), *supra*, so as to justify relief under its provisions. *Rader v. Clinburn*, C.A. 6th (1973), 476 F.2d 182, 184[2–4]; see generally *Ackermann v. United States* (1950), 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207.

---

2. The plaintiffs appear to be laboring under the impression that American Zinser could be liable herein for the conduct of its parent corporation and codefendant herein Zinser Textilmaschinen, GmbH merely because of the existence of such subsidiary-parent relationship. That is an incorrect view. 19 Am.Jur. (2d) 217–218, Corporations § 717; 13A Fletcher, Cyclopedia of Corporations § 6222.