**Ellis RADER et al.**

v.

**Melvin CLIBURN et al.**

**Civ. A. No. 654.**

United States District Court,
M. D. Tennessee,
Northeastern Division.

June 28, 1972.

J. H. Reneau, III, Celina, Tenn., for plaintiffs.

Lamar Alexander, Nashville, Tenn., J. T. Reneau, Jr., Co. Atty., Macon County, J. A. Wells, Lafayette, Tenn., for defendants.

## MEMORANDUM AND ORDER

MORTON, District Judge.

Plaintiffs, residents and qualified voters of Macon County, Tennessee, bring this action against defendants, members of the Macon County School Board, asking that the court order the terms of the Board members to be staggered according to Tennessee Code Annotated, § 49–208.

In their complaint plaintiffs assert that the court has jurisdiction of this action by virtue of 42 U.S.C. §§ 1983 and 1988. However, at the hearing of this matter plaintiffs asserted jurisdiction under the Rule 60(b) of the Federal Rules of Civil Procedure or as an independent action in equity.

On July 9, 1969, a class action on behalf of all residents of Macon County, Clark v. Austin, Civil Action No. 538, was filed in this court alleging malapportionment of the Quarterly Court of Macon County, and malapportionment of the County School Board. Defendants

to this action were the County Judge, all members of the Quarterly County Court, all members of the Macon County School Board, and all members of the Macon County Election Commission.

On February 25, 1970, this court, the Honorable William E. Miller, approved a plan for the apportionment of the Macon County School Board. In that order, at page 3, the court ruled as follows:

"The newly elected Macon County School Board shall hold office for a term of six years beginning September 1, 1970, and ending September 1, 1976, until their successors have been elected in the general election for 1976 and duly qualified."

The court concluded by providing that "[j]urisdiction is retained to enforce the terms of this judgment." No appeal was taken from this judgment and the new school board who are defendants to this action were elected in 1970 for six-year terms.

Plaintiffs to this action aver that the order of this court of February 25, 1970, in Clark v. Austin "fails to take into consideration the provisions of State law providing for staggered terms of office and is contrary to the provisions of State law." Plaintiffs contend that they, as "members of the class represented by plaintiffs in Civil Action No. 538, are justly and legally entitled to have the members of the County Board of Education hold office for staggered terms as provided by the statutes of the State of Tennessee."

■ The court construes the complaint in this action as alleging merely a deprivation of a right under a state statute, and not as alleging a deprivation of a Federal constitutional right of any Federal civil right. Clearly, this court has no jurisdiction of this action under 42 U.S.C. § 1983 as this action is not one for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." See Orr v. Trinter, 444 F.2d 128 (6th Cir. 1971); and Dorsey v. N.A.A.C.P., 408 F.2d 1022 (5th Cir. 1969).

■ Nor can it be seriously contended that 42 U.S.C. § 1988 gives this court jurisdiction of this action as this statute alone cannot confer jurisdiction. Otto v. Somers, 332 F.2d 697 (6th Cir. 1964), cert. denied 379 U.S. 1002, 85 S.Ct. 723, 13 L.Ed.2d 703 (1965).

■ As to the claim under Rule 60(b), only 60(b)(6) merits consideration. This provision provides that the court may grant a party relief from a final judgment for "any other reason justifying relief from the operation of the judgment." This provision "vests power in the court to enable them to vacate judgments whenever such action is appropriate to accomplish justice." L. M. Leathers' Sons v. Goldman, 252 F.2d 188, 190 (6th Cir. 1958); Allinsmith v. Funke, 421 F.2d 1350, 1351 (6th Cir. 1970).

Plaintiffs assert that this court obviously failed to consider the Tennessee statute providing for staggered terms of office for County School Board members. T.C.A. § 49–208. However, plaintiffs have failed to provide the court with any proof of any such obvious mistake or oversight. Nor have plaintiffs shown any other equitable grounds that might justify relief under Rule 60(b)(6). Further, the court cannot look at the record of that proceeding and infer that the court failed to consider the statute in framing its judgment. The provision for all the school board members to serve initial unstaggered six-year terms was clearly within the discretion of the court. The court had broad discretion to frame remedies in malapportionment cases, including the fashioning of remedies which conflict with a state statute. See WMCA, Inc. v. Lomenzo, 238 F.Supp. 916 (S.D.N.Y. 1964), aff'd. 382 U.S. 4, 86 S.Ct. 90, 15 L.Ed.2d 15 (1965); Reynolds v. State Election Board, 233 F.Supp. 323, 328 (W.D.Okl.1964).

Therefore, the court, having been shown no equities which compel the granting of relief, holds that justice has been done in this matter and no relief is justified under Rule 60(b).

As to an independent action in equity for relief from a judgment, relief may be granted " 'only under unusual and exceptional circumstances.' " Crosby v. Mills, 413 F.2d 1273, 1276 (10th Cir. 1969), citing 3 Barron and Holtzoff, Federal Practice and Procedure, § 1331 at 433. In this case plaintiffs have proven no equitable grounds—no fraud, accident, mistake or any other reason or circumstances—which render it manifestly unconscionable to give effect to the order of this court in Clark v. Austin, Civil Action No. 538 (M.D.Tenn., February 25, 1970). *See* Moore's Federal Practice, 2d Ed., Vol. 7, § 60.36, et seq.; and 3 Barron and Holtzoff, Federal Practice and Procedure, § 1331.

In summary, this court holds that plaintiffs are entitled to no relief from the judgment of this court in Clark v. Austin, *supra.*

This shall act as the final order in this action, no further order being required.