Nancy NOE, by her guardian ad litem,
Plaintiff-Appellant,

v.

Laurel TRUE, Secretary, Department
for Human Resources, et al.,
Defendants-Appellees.

No. 74–1577.

United States Court of Appeals,
Sixth Circuit.

Dec. 5, 1974.

10

Robert Allen Sedler, Lexington, for appellant.

Ed W. Hancock, Atty. Gen., Frankfort, Ky., Mortimer J. Stamm, Lynn T. Mitchell, Frankfort, Ky., for appellee.

Before WEICK, EDWARDS and ENGEL, Circuit Judges.

PER CURIAM.

Plaintiff-Appellant Nancy Noe appeals from a judgment of the United States District Court for the Eastern District of Kentucky denying her application for injunctive relief, and dismissing her complaint. Nancy Noe is the pseudonym of a 14-year-old female child committed to the custody of the Department of Human Resources of the State of Kentucky, and under the supervision of its Bureau for Social Services. She brought this suit on behalf of herself and all others similarly situated, alleging that she was in the second trimester of pregnancy, had been appropriately counseled, and was desirous of obtaining an abortion. She further alleged that under Kentucky Revised Statute 208.450, the defendant Secretary of the Department of Human Resources was prohibited from consenting to or providing for the payment of her desired abortion and consequently refused her request. Plaintiff Noe sought below:

1. a declaration that the above statute is unconstitutional;

2. an injunction, restraining the enforcement of the statute, and

3. a mandatory injunction directing the defendant to arrange for the furnishing of a medical abortion to plaintiff.

The pertinent statute provides:

"When any child committed to the department requires medical or surgical care or treatment, the department may provide the same or arrange for the furnishing thereof by other public or private agencies, and may give consent to such medical or surgical treatment, except for the purpose of abortion or sterilization."

In her suit below, plaintiff was represented by Attorney Robert Allen Sedler, attorney for Kentucky Civil Liberties Union. Mr. Sedler petitioned the court for appointment of himself as plaintiff's guardian ad litem. That petition, however, was not ruled upon by the trial judge prior to the dismissal of the action.

In dismissing the complaint *sua sponte,* the trial court observed: "This court is ill-equipped to weigh the medical, psychological, and social considerations underlying a decision to expend public funds for an abortion . . ." The court further stated that it was "of the opinion that the complaint did not state a cause of action, and, in order to expedite a possible review of its decision . . . the action should be dismissed."

We reverse the judgment of the district court and remand with directions which herein follow.

We first note that while plaintiff Noe no longer seeks an abortion of the pregnancy that gave rise to this lawsuit, the passage of time having rendered such an abortion medically unsafe, this fact does not moot her cause of action. Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973).

## NECESSITY FOR THREE–JUDGE COURT

The complaint filed sought an injunction restraining enforcement of a state statute, and is thus governed by 28 U.S.C. §§ 2281 and 2284. Section 2281 provides:

"An interlocutory or permanent injunction restraining the enforcement, operation or execution of any State statute by restraining the action of any officer of such State in the enforcement or execution of such statute or of an order made by an administrative board or commission acting under State statutes, shall not be granted by any district court or judge thereof upon the ground of the unconstitutionality of such statute unless the application therefor is heard and determined by a district court of three judges under section 2284 of this title."

The single-judge district court was thus without power to dismiss the complaint on its merits for failure to state a cause of action, unless the constitutional attack was insubstantial. Bailey v. Patterson, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962). A claim is insubstantial for purposes of avoiding the three-judge court requirement:

only if "its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave [open] no room for the inference that the questions sought to be raised can be the subject of controversy." Goosby v. Osser, 409 U.S. 512, 93 S.Ct. 854, 35 L.Ed.2d 36 (1972).

The district court's preliminary inquiry is limited to determining whether the constitutional question raised is substantial, whether the complaint at least formally alleges a basis for equitable relief, and whether the case otherwise comes within the requirements of the three-judge statute. Idlewild Liquor Corp. v. Epstein, 370 U.S. 713, 715, 82 S.Ct. 1294, 8 L.Ed.2d 794 (1962). We hold that the requirements above stated were met here and that it was error for the district court not to have sought the convening of a three-judge district court, as provided in 28 U.S.C. § 2284. Moreover, it is of no consequence that neither the plaintiff nor the defendant in this case sought the convening of a three-judge court. The requirement is jurisdictional and cannot be waived. Grove Press, Inc. v. Flask, 417 F.2d 1062 (6th Cir. 1969).

## APPOINTMENT OF GUARDIAN AD LITEM

Although the court was specifically asked to do so, it failed to consider the application for appointment of a guardian ad litem, and did not act in any other way to protect the interests of the minor plaintiff. Rule 17(c) of the Federal Rules of Civil Procedure provides in part:

"If an infant or incompetent person does not have a duly appointed representative, he may sue by his next friend or by a guardian ad litem. The court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person."

It has been held that the failure to consider the necessity for a guardian ad litem and to make a determination appointing one, or finding that the minor's interests were protected without one, is fatal to the judgment rendered under such circumstances. Roberts v. Ohio Casualty Ins. Co., 256 F.2d 35 (5th Cir. 1958). We hold that the district judge erred here in failing to consider and rule upon the guardian ad litem question. We deem the issue particularly critical in this case, where the legal issues are controversial in nature, the plaintiff is a minor, pregnant out of wedlock, without the benefit of a natural parent or guardian, and where her legal guardian is the defendant in the lawsuit. While normally the State of Kentucky might be expected to exercise the function of a parent, it is specifically precluded by statute from exercising any discretion in the

critical abortion decision that faced plaintiff. Moreover, since the respective *legal* positions of the child and guardian are adverse in this lawsuit, it cannot be said that the plaintiff is "otherwise represented" in the action as provided in Rule 17(c). While it would not be at all improper for the court, upon consideration, to appoint the child's attorney as her guardian ad litem, the mere presence of an attorney representing her in the action is insufficient of itself to protect her personal interests in the action. We stress the obligation of the trial judge to exercise his discretion, bearing in mind the very real need of a 14-year-old plaintiff to have her own personal rights and interests protected.

 We note that an appointed guardian ad litem does not replace a general guardian for all purposes, but is "appointed as a representative of the court to act for the minor in the cause, with authority to engage counsel, file suit, and to prosecute, control and direct the litigation. As an officer of the court, the guardian ad litem has full responsibility to assist the court to 'secure a just, speedy and inexpensive determination' of the action." Fong Sik Leung v. Dulles, 226 F.2d 74, 82 (9th Cir. 1955, concurring opinion). See also United States v. E. I. Dupont de Nemours and Co., 13 F.R.D. 98 at 105 (N.D.Ill.1952). Thus, through a guardian ad litem the court itself assumes ultimate responsibility for determinations made on behalf of the child, a role not ordinarily contemplated by the simple attorney-client relationship. It will therefore be necessary upon remand for the district court to consider this question fully, and to appoint Mr. Sedler or some other qualified and objective person as guardian ad litem for plaintiff, and to make such other orders as are necessary for plaintiff's protection, in accordance with Rule 17(c) Federal Rules of Civil Procedure.

## OTHER CONSIDERATIONS

The complaint filed seeks also to maintain the action as a class action. An appropriate determination of this issue should be made by the three-judge district court acting as such or through the district judge "as soon as practicable after the commencement of an action brought as a class action." Federal Rules of Civil Procedure 23(c)(1).

We express no opinion concerning the constitutionality of the statute or concerning the other merits of the case except to hold that the constitutional issue is not insubstantial and that, thus, a three-judge district court must be requested by the trial court.

Accordingly, the judgment of the district court is reversed and remanded with directions that the district judge:

1. consider the motion for appointment of a guardian ad litem and take appropriate action thereon consistent with this opinion;

2. request the Chief Judge of the Circuit to impanel a three-judge court, pursuant to 28 U.S.C. § 2284, to hear and determine all issues raised in this case, including the appropriateness of the class action prayed for.