**KENTUCKY BAR ASSOCIATION,**
Complainant,

v.

**Richard J. GETTY, Respondent.**

Court of Appeals of Kentucky.

Jan. 17, 1975.

Rehearing Denied April 25, 1975.

Leslie G. Whitmer, Director Kentucky Bar Association, Frankfort, for complainant.

Raymond Francis Connell, Robert J. McDaniel, Paris, for respondent.

PER CURIAM.

This disciplinary matter is before the court on a recommendation that Richard J. Getty be suspended from the practice of law in this state for a period of one month, and that he pay the costs of this action.

A charge was filed against Getty by the Kentucky Bar Association on May 3, 1973, consisting of six counts relating to his conduct as defense counsel in the case of *Commonwealth of Kentucky v. Lance Kohler,* Fayette Circuit Court. On August 2, 1973, an additional charge was filed against Getty. This charge consisted of four counts relating to Getty's conduct as defense counsel in the cases of *Commonwealth v. Campbell,* Harrison County Court; *Commonwealth v. Morgan,* Nicholas Circuit Court; and *Commonwealth v. William Highlander, Jr.,* Nicholas County Court. On August 2, 1973, the Inquiry Tribunal ordered the two charges consolidated to be tried as a single disciplinary

action. RCA 3.260. *Getty filed responses to each of the charges.*

A three-man trial committee appointed by the President of the Kentucky Bar Association conducted hearings in which Getty and his counsel participated. The trial committee found Getty not guilty on all charges and recommended to the Board of Governors of the association that all counts, on both charges, were not proven by a preponderance of the evidence and should be dismissed.

The Board of Governors considered the trial committee's report, reviewed the record, and recommended to this court a finding of not guilty on all counts except count 1 of the second charge. On that count, the Board of Governors recommended a finding of guilt and stated:

"In the Harrison County Court case styled Commonwealth v. Campbell, Richard J. Getty, during his representation of the defendant Campbell at trial on or about March 27, 1973, called County Attorney John M. Keith a 'damn liar' on two occasions out of the presence of the jury. After repeated admonishment of County Judge Carl Nunnelley regarding respondent's remarks and attitude toward witness State Trooper John Conley continued his badgering and harassment of witness Conley. After the noon recess, respondent attempted to use a chart or card which indicated the amount of alcoholic beverage a person of a certain size could use without being under the influence of alcohol. Respondent laid no foundation for the introduction of the card into evidence. Under the repeated objection to the introduction of said evidence by County Attorney John M. Keith, respondent continued his badgering and questioning in a loud and boisterous manner, completely ignoring the court and accused the court of attempting to influence the jury against respondent's client. During this latter event, respondent pointed his finger at the court in a very disrespectful and threat-

ening manner after being admonished by the court to desist. Respondent's conduct during the trial caused the court to declare a mistrial and find respondent in contempt of court for his boisterous haranguing and contemptuous attitude toward the court."

Getty's arguments on appeal are:

1. The findings of the trial committee as to all charges were supported by substantial evidence and conclusive of his innocence.

2. The recommendation of the Board of Governors should be set aside because it failed to submit separate findings of fact and conclusions of law contrary to those of the trial committee.

3. The costs should be fairly apportioned.

4. His conduct was not such as to warrant punishment.

5. The Board of Governors erred in permitting counsel for the Kentucky Bar Association to be present at their meeting when Getty's counsel was not permitted to be present or heard.

This court has reviewed the 10 volumes of evidence heard by the trial committee and considered by the Board of Governors. The charge against Getty consisting of six counts relating to his conduct as defense counsel for Kohler in the Fayette Circuit Court is not supported by substantial evidence. The record is clear that the primary witness for the Kentucky Bar Association was Lance Kohler. The trial committee found that the evidence in the first six counts in the complaint was a swearing contest between Getty and Kohler. It noted that Kohler is a disbarred attorney, presently serving a sentence in the penitentiary for the sale of narcotics. In its findings of fact concerning Getty's representation of Kohler, the trial committee applied the standards enunciated by this court:

"In general, the veracity of witnesses is to be determined by (1) Their appear-

ance on the stand, and their character insofar as their character bears upon the question of their probable willingness to lie; (2) The evidence or non-evidence of a motive for falsification; and (3) The collateral undisputed facts bearing upon the intrinsic probability of the truth or falsehood of the testimony given." *In re Hargis*, 301 Ky. 276, 190 S. W.2d 333 (1945).

This court deems it unnecessary to dwell upon the incredible testimony of Lance Kohler. The trial committee did not believe him. The Board of Governors found his testimony lacking. This court concurs in these findings. The allegations contained in Counts I through VI of Charge 1 were not established by a preponderance of the evidence. Therefore the action of the trial committee and the Board of Governors as to these counts was correct and this court concurs in the recommendations of the Board of Governors by a vote of 9–3 that Getty "be adjudged not guilty on the provisions of the charge filed May 3, 1973."

■ Before proceeding to consider the other charges against Getty, this court reaffirms its position with respect to the roles of a trial committee and the Board of Governors in a disciplinary proceeding.

"The report and recommendations, of the trial committee are only advisory to the Board of Governors, as are the Board's recommendations to this court. RCA 3.400, 3.420 (now RCA 3.360, 3.-370). This means, of course, that in the end this court must be judge of the factual as well as the legal issues and of the final action to be taken. The role of fact-finder is neither welcome nor comfortable to an appellate court, but obviously we have saddled it upon ourselves by our own rules for this type of proceeding *Kentucky State Bar Association v. Stivers*, Ky., 475 S.W.2d 900 (1972).

Count No. I of Charge 2 concerned the conduct of Getty in his representation of Alvin Campbell in the Harrison County Court. Campbell was charged with operating a motor vehicle while intoxicated. The trial committee complacently referred to the incident of Getty's calling the County Attorney a damned liar on two occasions as "lawyer to lawyer argument" and "if every attorney who said these words to another attorney was charged, we would all be respondents." The trial committee placed this incident in the same category as the gag which says: Two lawyers castigate each other. The one calls the other an unmitigated liar. The other retorts, "you're an idiotic scoundrel." Whereupon the judge says, "now that the attorneys have identified each other, let's proceed with the case."

■ This court does not view the conduct of Mr. Getty so lightly. On that occasion Getty not only called the County Attorney a damned liar on two occasions, but his conduct toward the County Judge was reprehensible. Getty paid no attention to the rulings of the judge. He badgered and harassed a witness. He was loud and boisterous. He accused the court of attempting to influence the jury against his client. He approached the bench, and within a very short distance from the judge pointed his finger at the court in a threatening and disrespectful manner. Getty's conduct during the trial caused the court to declare a mistrial. The judge found Getty in contempt for his boisterous and contemptuous attitude.

Such misconduct as shown by Getty and his bad deportment give the profession of law a bad image. There is no place in any courtroom for such flamboyant forensics. No attorney should show such calloused disregard and lack of respect for a presiding judge. Any attorney should know that good manners, courtesy and etiquette in the courtroom are more than a matter of form. These are the components which help prevent a trial from deteriorating into a brawl. A lawyer must not be guilty of such conduct which violates the admonition contained in the Code of Professional Re-

sponsibility. Canon I, DR 1–102(A)(5), (6). Getty's conduct is in violation of the stated disciplinary rules adopted by this court as a sound statement of the standard of professional conduct required of members of the bar.

The Board of Governors by a 9–2 vote adjudged Getty guilty of unprofessional conduct on Count I of Charge 2 and recommended that he be suspended from the practice of law in Kentucky for a period of one month and required him to pay the costs of this action. The Board of Governors concurred in the findings of the trial committee as to Count Nos. II, III and IV of Charge 2.

Count II. Getty was charged with unprofessional conduct in the Nicholas County Circuit Court during his representation of the defendant, Morgan, on October 6, 1972. The evidence reveals the same pattern shown in Count I. Getty was continually reprimanded by the court for interrupting the Commonwealth's Attorney in the presentation of the Commonwealth's case. At the noon recess he was abusive toward the County Attorney. He followed the Commonwealth's Attorney into the County Attorney's office and grabbed him by the left shoulder. The trial committee, in its findings of fact as to this charge, stated: "It appears to the committee that the general demeanor of all counsel, both in and out of the court room, was one of antagonism toward each other. Further, the testimony indicates that in this section of the state such conduct is the norm and is somewhat expected." This court is of the opinion that such is not the norm. If it is, the norm will have to be upgraded. Getty's conduct on this occasion is not conducive to the efficient administration of justice, and such action when called to the attention of this court will not be tolerated.

Count III. Getty was charged with unprofessional conduct during his representation of William Highlander in the Nicholas County Court. The evidence reveals the same pattern of conduct on the part of

Getty as was shown on Charges I and II. He attempted to disrupt the court proceedings and was admonished by the County Judge. During a recess, Getty became abusive toward a witness.

Count IV. Getty accused the court reporter of not properly transcribing her notes in the Highlander case. He also accused the County Attorney of Nicholas County of influencing the transcription of her notes.

Plato wrote in 400 B.C., in The Laws:

". . . If justice be noble, how can we deny that pleading is a noble thing."

If a lawyer truly fulfills his role as an advocate, he can then measure up to that famous toast by Daniel Webster:

"The Law: It has honored us; may we honor it."

Getty's misconduct in the courtroom indicates that he failed to honor the law. He failed to measure up to the rules required of him.

■ Getty's argument that irregularities occurred in the conduct of the proceeding by the Board of Governors in permitting counsel for the Kentucky Bar Association to be present when his attorney was not permitted to be present is refuted by the record. It is established by the record that the Board of Governors adhered to the rules of this court.

■ This court rejects Getty's contention that the punishment he received from the contempt order was sufficient. Punishment for contempt is not a prohibition of disciplinary proceedings. A prior conviction for contempt adds force to the need for discipline. Getty's contention that the recommendation of the Board of Governors should be set aside because it failed to submit separate findings of fact has no merit. There are no rules of this court that require such action. RCA 3.390.

This court is unanimous in the opinion that the charges contained in Counts I

through IV of Charge 2 are sustained by a preponderance of the evidence. The consensus among the members of the court is that Richard J. Getty be suspended from the practice of law in this state for six months and that costs be assessed as provided by RCA 3.450(a) and RCA 3.370.

It is ordered that Richard J. Getty be suspended from the practice of law in this Commonwealth for a period of six months, and he is required to pay the costs of this proceeding.

All concur.