John W. COLLIS, Plaintiff,

v.

Honorable Scott REED, Chief Justice of the Commonwealth of Kentucky, et al., Defendants.

Civ. A. No. 76–11.

United States District Court, E. D. Kentucky.

March 11, 1976.

See also D.C., 413 F.Supp. 511.

Robert J. Turley, Turley, Savage & Moore, Lexington, for plaintiff.

Ben B. Fowler, Stites, McElwain & Fowler, Frankfort, Ky., for Ky. Bar Assoc.

H. N. McTyeire, Asst. Atty. Gen., Frankfort, Ky., for all other defendants.

## MEMORANDUM OPINION

SILER, District Judge.

In this action, brought under 42 U.S.C. § 1983, plaintiff, a Kentucky attorney, seeks temporary and permanent injunctions preventing the Justices and Clerk of the Kentucky Supreme Court (*vice* Kentucky Court of Appeals), the Kentucky Bar Association, its president and its director, from disbarring him. He also seeks a declaration that KRS 30.170 and certain rules of the Kentucky Supreme Court are unconstitutional.

Title 28, U.S.C. § 2281 requires that applications for injunctions restraining state officers from enforcing or executing a state statute (or order of an administrative board or commission acting under state statutes) be heard and determined by a three-judge court where the ground asserted for the injunction is the unconstitutionality of the statute. The issue before the Court is whether a three-judge court should be convened.

The Kentucky Bar Association, its president and its director, have filed a motion to dismiss this action citing as grounds: (1) failure of the complaint to state a claim upon which relief can be granted, (2) lack of subject matter jurisdiction, (3) lack of a substantial federal question, and, alternatively, (4) that the action complained of does not involve a state statute or an order of an administrative board or commission thereunder. The defendant Justices have also moved to dismiss asserting: (1) lack of jurisdiction, and (2) that the Justices are not proper parties.

The Court earlier denied plaintiff's motion for a temporary restraining order indicating that prior decisions of this Circuit cast serious doubts on the probability that he could prevail on the merits. A hearing was held on February 19, 1976, on defendants' motions to dismiss. In addition, the parties have submitted memoranda on whether the complaint states a substantial federal question.

■ The initial inquiry must be whether this Court has jurisdiction for "the presence of a court of three judges necessarily assumes that the District Court has jurisdiction." *Ex Parte Poresky,* 290 U.S. 30, 31, 54 S.Ct. 3, 4, 78 L.Ed. 152 (1933). "A three-judge court is not required where the District Court itself lacks jurisdiction of the complaint or the complaint is not justiciable in the federal courts." *Gonzalez v. Employees Credit Union,* 419 U.S. 90, 100, 95 S.Ct. 289, 295, 42 L.Ed.2d 249 (1974). While a single judge cannot dismiss a 2281 action on the merits, he can pass upon the threshold question of whether jurisdiction is present. *Ex Parte Poresky, supra.*

In determining whether the Court has jurisdiction it is necessary to consider the somewhat unusual procedural posture of this action.

The Kentucky Supreme Court issued a mandate and final order of disbarment against plaintiff on June 27, 1975. His petition for a writ of certiorari to the United States Supreme Court was denied on January 12, 1976. He filed this action on January 21, 1976.

This case is further complicated by allegations in plaintiff's complaint that he raised "significant federal constitutional issues" in response to the Kentucky Supreme Court's initial rule to show cause why he should not be disciplined and again upon petition for rehearing by that court. In the instant action plaintiff asserts that his disbarment deprives him of property without due process of law and in violation of the equal protection and privileges and immunities clauses of the Fourteenth Amendment to the United States Constitution. Plaintiff's counsel has candidly admitted in oral argument that these were the same claims raised before the Kentucky Supreme Court. Plaintiff contends, however, that the Con-

stitutional issues were not considered by the Kentucky or United States Supreme Court.

■ Title 42, U.S.C. § 1983 merely creates a cause of action and "does not by itself confer jurisdiction upon the federal district courts to adjudicate these claims." *Hagans v. Lavine,* 415 U.S. 528, 535, 94 S.Ct. 1372, 1378, 39 L.Ed.2d 577 (1974). Likewise, the Declaratory Judgment Act, 28 U.S.C. § 2201, creates a federal *remedy* but does not extend the *jurisdiction* of the federal courts. *Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950). Plaintiff has sought to place jurisdiction in this Court under 28 U.S.C. § 1343(3) and (4), and 42 U.S.C. § 1988. [The latter statute, however, standing alone, cannot confer jurisdiction. *Rader v. Cliburn,* 376 F.Supp. 463 (M.D. Tenn.1972), *aff'd,* 476 F.2d 182 (6th Cir. 1973).] However, 28 U.S.C. § 1343 *expressly* confers only *original* jurisdiction upon the district courts in civil rights cases. Plaintiff now seeks review of issues already raised in two courts having jurisdiction to consider them. Since 28 U.S.C. § 1343 confers no appellate jurisdiction upon this Court, it is clear that the Court is without jurisdiction to consider them.

This result is required by the previous decisions of this Circuit in *Ginger v. Circuit Court for the County of Wayne,* 372 F.2d 621 (6th Cir.), *cert. denied,* 387 U.S. 935, 87 S.Ct. 2061, 18 L.Ed.2d 998 (1967) (hereinafter *Ginger*), and *Coogan v. Cincinnati Bar Association,* 431 F.2d 1209 (6th Cir. 1970) (hereinafter *Coogan*). Neither of those cases involved a request for a three-judge court. However, that does not detract from their authority on the issue of this Court's jurisdiction.

In the *Ginger* case, a suit for damages under 42 U.S.C. §§ 1981, 1983 and 1985, the United States Court of Appeals for the Sixth Circuit considered whether a United States District Court has jurisdiction to review a state court disbarment. In concluding that it does not, the court said:

It requires no citation of authority to concede that this Court is without any *appellate* powers so far as the decisions of

the Supreme Court of the State . . . and the Supreme Court of the United States are concerned. . . . [T]his Court cannot be substituted in the stead of either as a review tribunal. (Emphasis supplied.)

*Ginger, supra* at 624.

In the *Coogan* case, the plaintiff sought injunctive relief under the Civil Rights Act against, *inter alia,* the Supreme Court of Ohio, its clerk, and the Cincinnati Bar Association. In affirming the District Court's dismissal for failure to state a claim, the Court noted:

The Civil Rights Act was not designed to be used as a *substitute for the right of appeal, or to collaterally attack a final judgment of the highest court of a state and relitigate the issues which it decided.* (Emphasis supplied.)

*Coogan, supra* at 1211. This view of the Civil Rights Act is held by many, if not all, jurisdictions. See *Jones v. Hulse,* 267 F.Supp. 37 (E.D.Mo.1967), *aff'd,* 391 F.2d 198 (8th Cir.), *cert. denied,* 393 U.S. 889, 89 S.Ct. 206, 21 L.Ed.2d 167 (1968). *Cf. Gately v. Sutton,* 310 F.2d 107 (10th Cir. 1962).

The Court in *Coogan* discussed several bases for its decision including the doctrine of res judicata. However, the lack of appellate jurisdiction under the Civil Rights Act is sufficient, standing alone, to support the result.

In addition to the authorities cited *ante,* the result reached in this case is also supported by *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923) (hereinafter *Rooker*). In that case, the United States Supreme Court, noting that district courts possess only original jurisdiction, held that they cannot "entertain a proceeding to reverse or modify" a state court judgment for to "do so would be an exercise of appellate jurisdiction." *Id.* at 416, 44 S.Ct. at 150, 68 L.Ed. 362. This rule governs in the case at bar for:

[P]resentation to the federal court of the same constitutional questions already passed upon by the state court is "a form of direct federal district court review of

the state decisions," even though no declaration of the invalidity of the state judgment was sought as in *Rooker*. . . [T]he district court is patently without jurisdiction to engage in such a review because that review would be tantamount to an attempt "to reverse or modify" a state judgment, which *Rooker* proscribes.

*Paul v. Dade County,* 419 F.2d 10, 13 (5th Cir. 1969), *cert. denied,* 397 U.S. 1065, 90 S.Ct. 1504, 25 L.Ed.2d 686 (1970).

The *Rooker* doctrine has been applied in a case very similar to the case *sub judice.* In *Tang v. Appellate Division of the New York Supreme Court,* 487 F.2d 138 (2d Cir. 1973), *cert. denied,* 416 U.S. 906, 94 S.Ct. 1611, 40 L.Ed.2d 111 (1974) (hereinafter *Tang*), the plaintiff sought injunctive and declaratory relief in a cause of action based on 42 U.S.C. § 1983. He also sought the convening of a three-judge court to decide the constitutionality of New York's rule requiring "actual" residence in the state as a prerequisite for admission to the New York bar. The district court action was filed after the Appellate Division of the New York Supreme Court had affirmed the bar association's denial of his application for admission. The district court dismissed the action because the federal question was insufficient. However, the Second Circuit Court of Appeals did not reach this question. In affirming, Judge Mulligan, in the majority opinion, relied on *Rooker* for the proposition that the "district court lacks jurisdiction to review state court determinations of federal constitutional questions." *Tang, supra* at 141. Judge Hays concurred on the basis of res judicata. Judge Oakes, in a vigorous dissent, felt the District Court had jurisdiction.

On the surface the doctrine of res judicata would seem to apply in this case. See *Tang, supra; Coogan, supra; Deane Hill Country Club, Inc. v. City of Knoxville,* 379 F.2d 321 (6th Cir.), *cert. denied,* 389 U.S. 975, 88 S.Ct. 476, 19 L.Ed.2d 467 (1967). However, able counsel for the plaintiff has vigorously contended that to dismiss on that basis would be an impermissible decision on the merits by a single judge.

Courts have differing views on whether res judicata is "jurisdictional" or "goes to the merits." Compare *Kaufman v. Somers Board of Education,* 368 F.Supp. 28 (D.Conn.1973), with *Atkins v. School Board of Halifax County,* 379 F.Supp. 1060 (W.D. Va.1974). Judge Hays' concurring opinion in *Tang* at 143 seems to view res judicata as jurisdictional. It is an affirmative defense under Fed.R.Civ.P. 8(c). While this Court finds there is authority cited above that, as applied to the facts at bar, res judicata may be jurisdictional, it is not necessary to rely on this doctrine as a basis for dismissal. Instead, the Court is without jurisdiction to consider this action by reason of the fact that it has no appellate jurisdiction in cases of this sort.

Since lack of jurisdiction, not res judicata, is the basis for the Court's decision, the question of whether res judicata should not be applied in Civil Rights cases is of only academic interest. While the effect of the two doctrines is similar, there is a clear difference in the theory behind them. Suffice to say that if the Civil Rights Act is to be made into "the analogue to habeas corpus in civil cases displacing the usual rules of finality" the transformation must come from the United States Supreme Court or the Sixth Circuit Court of Appeals. *Florida State Board of Dentistry v. Mack,* 401 U.S. 960, 961, 91 S.Ct. 971, 972, 28 L.Ed.2d 245 (1971) (denial of certiorari, dissenting opinion by Mr. Justice White joined by Chief Justice Burger). The Court notes in passing that, since denying certiorari in the *Mack* case, the Supreme Court has also denied certiorari in *Tang, supra,* a case in which these issues were even more clearly presented.

Finally, plaintiff contends that he is entitled to review by this Court under authority of *Taylor v. Kentucky Bar Association,* 424 F.2d 478 (6th Cir. 1970) (hereinafter *Taylor*). That case held that a complaint alleging that disciplinary proceedings were "a bad faith use of the state's legal machinery with the purpose of inhibiting the exercise of the right of free speech (or, alternatively, the existence of a statute unconstitu-

tional on its face affecting free speech)" and showing "a probability of irreparable injury" stated a claim for relief under 42 U.S.C. § 1983 and invoked jurisdiction under 28 U.S.C. § 1343. *Id.* at 481, 482.

Assuming, *arguendo,* that plaintiff has pleaded facts meeting the above criteria, he is nonetheless not in the procedural posture of the lawyer in *Taylor.* There plaintiff instituted action in the district court after the initial hearing before the trial committee but before the matter was decided in court. Here, a final order of disbarment has been issued by the Kentucky Supreme Court and certiorari has been denied by the United States Supreme Court. The judgment is final. Had plaintiff instituted his action in this court at an earlier stage of his disbarment proceedings, though he might have been met initially by the abstention doctrine, he might well have been able to preserve his right to a federal forum for litigation of his Constitutional issues. See *England v. Louisiana State Board of Medical Examiners,* 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964); *Deane Hill Country Club, Inc. v. City of Knoxville, supra* at 326; *Brown v. Supreme Court of Virginia,* 359 F.Supp. 549 (E.D.Va.) *aff'd,* 414 U.S. 1034, 94 S.Ct. 533, 38 L.Ed.2d 327 (1973). However, he did not do so and he is now foreclosed from review by this Court.

It is interesting to note that in *Taylor,* the Court of Appeals affirmed the District Court in ruling that the challenge of the statutes, court rules and canons of ethics did not present a substantial constitutional question requiring the convocation of a three-judge panel under 28 U.S.C. §§ 2281 and 2284. Thus, that would be strong authority for this Court, if it found it had jurisdiction, to find further that no substantial constitutional question was presented. But that is not reached here.

Moreover, plaintiff would have this Court to find that the doctrine of res judicata cannot be imposed by a single judge but this Court would first have to find a substantial constitutional question is raised, *Hagans v. Lavine, supra,* and impanel a three-judge court, which would then dismiss

it because of res judicata. That seems to be an exercise in futility that serves no useful purpose. For that reason alone, it seems clear why courts have considered res judicata a jurisdictional matter, as in *Tang.*

This case will be dismissed for lack of jurisdiction. *Ex Parte Poresky, supra; Brown v. Chastain,* 416 F.2d 1012 (5th Cir. 1969), *cert. denied* 397 U.S. 951, 90 S.Ct. 976, 25 L.Ed.2d 134 (1970). Because the Court lacks jurisdiction the other basis of defendants' motions need not be considered.

An order in conformity with this opinion will be entered.