**Richard J. GETTY, Plaintiff-Appellant,**

v.

**Scott REED et al., Defendants-Appellees.**

**John W. COLLIS, Plaintiff-Appellant,**

v.

**Scott REED et al., Defendants-Appellees.**

**Nos. 76–1633, 76–1701.**

United States Court of Appeals, Sixth Circuit.

Argued Oct. 12, 1976.

Decided Jan. 5, 1977.

Rehearing Denied Feb. 8, 1977.

Before PHILLIPS, Chief Judge, ED-WARDS, Circuit Judge, and MILLER, Judge, U. S. Court of Customs and Patent Appeals.*

EDWARDS, Circuit Judge.

This consolidated appeal concerns two cases involving lawyers. One of them, Getty, was disciplined, and the other, Collis, was disbarred in state proceedings in Kentucky. After exhausting state remedies and having certiorari denied by the United States Supreme Court, each filed a civil rights complaint in the United States District Court which was dismissed for want of jurisdiction. Our appellate issues are narrow procedural problems under the three-judge court statute, 28 U.S.C. § 2281 (1970). In the midst of a welter of at least somewhat conflicting case precedent, and without ever getting close to the merits of the issues which are of such importance to the litigants, in the *Collis* case we affirm; in the *Getty* case we vacate and remand.

On the heels of Congressional decision to eliminate three-judge District Courts [1]—at least for most purposes—these cases (filed before the repeal) serve to remind us of some of the reasons why most judges greatly favored the change.

Richard Alan Getty, Cleveland, Ohio, for plaintiffs-appellants.

Eugene Gressman, Van Arkel, Kaiser, Gressman & Rosenberg, Washington, D.C., for plaintiff-appellant in No. 76–1633.

Robert F. Stephens, Atty. Gen., H. N. McTyeire, Asst. Atty. Gen., Ben B. Fowler, Stites, McElwain & Fowler, Frankfort, Ky., for defendants-appellees.

These suits were brought in the United States District Court for the Eastern District of Kentucky attacking a Kentucky statute, K.R.S. § 30.170 (1975) [2] and Part 3 of the Rules of the Kentucky Court of Appeals. Appellants sought declaratory and injunctive relief under 42 U.S.C. § 1983 (1970) for claimed federal due process viola-

---

* Hon. Jack R. Miller, sitting by designation.

1. *See* Pub.L.No.94–381, § 1 (Aug. 12, 1976), 90 Stat. 1119, appearing in U.S.Code Cong. & Ad. News, 94th Cong., 2d Sess. (1976) (repealing 28 U.S.C. § 2281 (1970)).

2. The statute, K.R.S. § 30.170, was repealed, effective June 19, 1976. *See* Ch. 58, § 12 [1976] Ky. Acts 90. The current Kentucky statutes granting the state supreme court similar powers to discipline attorneys are contained in K.R.S. Ch. 21A (1976).

tions. They invoke federal jurisdiction under 28 U.S.C. § 1343 (1970) which grants "original jurisdiction" to the United States District Courts to hear and determine claims founded on asserted deprivation of civil rights under the Federal Constitution and laws. In the District Court they sought the impaneling of a three-judge court under 28 U.S.C. § 2281 (1970) to consider their federal constitutional claims.

The District Judge in separate memorandum opinions [3] held that the District Court had no "jurisdiction" to hear the petitions for injunctive relief under 42 U.S.C. § 1983 (1970). It was his view that these cases represented attempts to appeal from a final decision of the then Kentucky Court of Appeals (now the Supreme Court of Kentucky) and that such an appeal could only be taken to the Supreme Court of the United States. He dismissed both suits without seeking the impaneling of the three-judge court.

The above-cited statute and rules provide a three tiered procedure for disbarment of Kentucky lawyers. At the first level there is a complete due process hearing before a trial panel which makes "advisory" findings and recommendations. At the second level the record made before the trial panel, together with its disciplinary recommendations, is presented to the Board of Governors of the Kentucky Bar Association, which thereafter makes its recommendation to the Court of Appeals of Kentucky. At the third level of review, the Court of Appeals hears argument on the record thus developed and makes its decision as to both guilt and penalty.

Getty was found guilty of abusive conduct and speech in four state court trials. *Kentucky Bar Association v. Getty,* 535 S.W.2d 91 (Ky.Ct.App.1975), *cert. denied,* 423 U.S. 1048, 96 S.Ct. 773, 46 L.Ed.2d 636 (1976). In the *Getty* case appellant attacks his six months suspension by the Court of Appeals on the ground that under due proc-

ess the Court of Appeals was without power to find Getty guilty on all charges and administer a six months suspension after the trial committee had found him not guilty on all charges, and the Board of Governors had found him not guilty on all counts, except one, with the recommendation of a one month suspension. He also claims that the suspension was based upon speech which is protected by the First Amendment.

Collis was found guilty and disbarred for improper handling of funds belonging to several different clients. *Kentucky Bar Association v. Collis,* 535 S.W.2d 95 (Ky.Ct. App.1975), *cert. denied,* 423 U.S. 1049, 96 S.Ct. 795, 46 L.Ed.2d 637 (1976). As to the Collis appeal the due process claim is that review by the Board of Governors in a closed proceeding in and of itself violates federal due process standards.

■ The function of the District Judge in whose court a cause of action seeking a three-judge court is brought is limited indeed. Basically it is to notify the Chief Judge of the Circuit Court of the pendency of the litigation and ask his designation of the other members of the court. He can and should, however, screen the pleading filed and dismiss it if 1) the District Court has no jurisdiction over the action (*Gonzalez v. Employees Credit Union,* 419 U.S. 90, 100, 95 S.Ct. 289, 42 L.Ed.2d 249 (1974); *Ex parte Poresky,* 290 U.S. 30, 31, 54 S.Ct. 3, 78 L.Ed. 152 (1933)) or 2) the federal claims are "wholly insubstantial" and obviously frivolous and without merit within the meaning of *Goosby v. Osser,* 409 U.S. 512, 93 S.Ct. 854, 35 L.Ed.2d 36 (1972). *See also Idlewild Bon Voyage Liquor Corp. v. Epstein,* 370 U.S. 713, 82 S.Ct. 1294, 8 L.Ed.2d 794 (1962); *Ex parte Poresky, supra.*

■ Our review of these two complaints indicates that appellants did clearly allege that K.R.S. § 30.170 and Part 3 of the Rules of the Kentucky Court of Appeals violate

---

**3.** *Collis v. Reed,* 413 F.Supp. 507 (E.D.Ky. 1976); *Getty v. Reed,* 413 F.Supp. 511 (E.D.Ky. 1976).

the Federal Constitution's due process clause. These rules are rules adopted by Kentucky's highest court and are applicable statewide in disciplinary matters pertaining to Kentucky lawyers. Appellants seek both injunctive and declaratory relief. As noted above, they claim a right of action under § 1983 and assert federal jurisdiction under § 1343 and seek three-judge court adjudication under § 2281. Without reference at this point to such questions as the substantiality of the claims or to such defenses as res judicata and collateral estoppel, we hold that the District Court had jurisdiction of the complaints.

We note, of course, the District Judge's reliance upon the *Ginger* and *Coogan* cases in this court. *Ginger v. Circuit Court for the County of Wayne,* 372 F.2d 621 (6th Cir.), *cert. denied,* 387 U.S. 935, 87 S.Ct. 2061, 18 L.Ed.2d 998 (1967); *Coogan v. Cincinnati Bar Association,* 431 F.2d 1209 (6th Cir. 1970). These cases do, as the District Judge observed, stand for the proposition that the District Court has no appellate jurisdiction as to final decisions of a state supreme court or, a fortiori, the United States Supreme Court. However, the instant complaints are original claims which allege state law violation of the Federal Constitution.

In neither the *Ginger* nor *Coogan* cases was there an attack on the federal constitutionality of a state statute and regulation. In neither instance did the complainant seek the convening of a three-judge court to determine the federal constitutional claim. In neither case was the District Court decision or that of the Court of Appeals founded on lack of jurisdiction. Neither case is precedent for our instant appeal.

If, for example, the rules adopted by the Kentucky Court of Appeals had been such as to permit filing of secret complaints against lawyers and in camera hearings and disbarment as a result of said complaints without written statement of charges or opportunity for a public hearing and confrontation of witnesses and our current complainants had been disbarred in such a proceeding with final affirmation of that decision by the state's highest court, would there be doubt that under the Fourteenth Amendment and the supremacy clause the three-judge court would have "jurisdiction"? We think not.

We believe these principles have been established by precedents of this court: *Calloway v. Briggs,* 443 F.2d 296 (6th Cir.), *cert. denied,* 404 U.S. 916, 92 S.Ct. 230, 30 L.Ed.2d 190 (1971); *Protestants and Other Americans United for Separation of Church and State v. United States,* 435 F.2d 627 (6th Cir. 1970), *cert. denied,* 403 U.S. 955, 91 S.Ct. 2277, 29 L.Ed.2d 865 (1971); *Noe v. True,* 507 F.2d 9 (6th Cir. 1974).

In *Noe v. True, supra,* we said:

The complaint filed sought an injunction restraining enforcement of a state statute, and is thus governed by 28 U.S.C. §§ 2281 and 2284. Section 2281 provides:

"An interlocutory or permanent injunction restraining the enforcement, operation or execution of any State statute by restraining the action of any officer of such State in the enforcement or execution of such statute or of an order made by an administrative board or commission acting under State statutes, shall not be granted by any district court or judge thereof upon the ground of the unconstitutionality of such statute unless the application therefor is heard and determined by a district court of three judges under section 2284 of this title."

The single-judge district court was thus without power to dismiss the complaint on its merits for failure to state a cause of action, unless the constitutional attack was insubstantial. *Bailey v. Patterson,* 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962). A claim is insubstantial for purposes of avoiding the three-judge court requirement:

only if "its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave [open] no room for the inference

that the questions sought to be raised can be the subject of controversy." *Goosby v. Osser,* 409 U.S. 512, 93 S.Ct. 854, 35 L.Ed.2d 36 (1972).

The district court's preliminary inquiry is limited to determining whether the constitutional question raised is substantial, whether the complaint at least formally alleges a basis for equitable relief, and whether the case otherwise comes within the requirements of the three-judge statute. *Idlewild Liquor Corp. v. Epstein,* 370 U.S. 713, 715, 82 S.Ct. 1294, 8 L.Ed.2d 794 (1962).

*Noe v. True,* 507 F.2d 9, 11 (6th Cir. 1974).

If what we have said thus far suggests that the District Judge who held he had "no jurisdiction" to try this case simply missed the signs on a well marked trial, we hasten to acknowledge that no such thing is true. One commentator, Theis, has noted that the Supreme Court has given no guidance as to claim preclusion by final state court decision in § 1983 cases and added that as a result "the decisions of the lower courts teem with inconsistencies." Theis appended the following footnote to illustrate his point:

> *Compare Thistlethwaite v. City of New York,* 497 F.2d 339 (2d Cir.), *cert. denied,* 419 U.S. 1093 [95 S.Ct. 686, 42 L.Ed.2d 686] (1974), *with Lombard v. Board of Educ.,* 502 F.2d 631 (2d Cir. 1974), *cert. denied,* 420 U.S. 976 [95 S.Ct. 1400, 43 L.Ed.2d 656] (1976); *Roy v. Jones,* 484 F.2d 96 (3d Cir. 1973), *with Kauffman v. Moss,* 420 F.2d 1270 (3d Cir.), *cert. denied,* 400 U.S. 846 [91 S.Ct. 93, 27 L.Ed.2d 84] (1970); *Brown v. Chastain,* 416 F.2d 1012 (5th Cir. 1969), *with Mack v. Florida State Bd. of Dentistry,* 430 F.2d 862 (5th Cir. 1970), *cert. denied,* 401 U.S. 960 [91 S.Ct. 971, 28 L.Ed.2d 245] (1971) (White, J., dissenting from denial of writ); *Coogan v. Cincinnati Bar Ass'n,* 431 F.2d 1209 (6th Cir. 1970), *with Mulligan v. Schlacter [Schlachter],* 389 F.2d 231 (6th Cir. 1968); *Blankner v. City of Chicago,* 504 F.2d 1037 (7th Cir. 1974), *with Hampton v. City of Chicago,* 484 F.2d 602, 606

n. 4 (7th Cir. 1973); *Francisco Enterprises, Inc. v. Kirby,* 482 F.2d 481 (9th Cir. 1973), *cert. denied,* 415 U.S. 916 [94 S.Ct. 1413, 39 L.Ed.2d 471] (1974), *with Ney v. California,* 439 F.2d 1285 (9th Cir. 1971).

For an analysis of these and other cases, see Averitt, *Federal Section 1983 Actions After State Court Judgment,* 44 U.Colo.L.Rev. 191 (1972); McCormack, *Federalism and Section 1983: Limitations on Judicial Enforcement of Constitutional Claims, Part II,* 60 Va.L.Rev. 250 (1974) [hereinafter cited as McCormack]; Vestal, *State Court Judgment as Preclusive in Section 1983 Litigation in a Federal Court,* 27 Okla.L.Rev. 185 (1974); Note, *Relationship of Federal and State Courts,* 88 Harv.L.Rev. 453 (1974); Comment, *The Collateral Estoppel Effect of State Criminal Convictions in Section 1983 Actions,* 1975 U.Ill.L.F. 95 [hereinafter cited as Illinois Comment].

Theis, *Res Judicata in Civil Rights Act Cases: An Introduction to the Problem,* 70 Nw.U.L.Rev. 859, 865–66 & n. 35 (1976).

In addition, we note that the District Judge did cite and rely upon *Tang v. Appellate Division of the New York Supreme Court,* 487 F.2d 138 (2d Cir. 1973), *cert. denied,* 416 U.S. 906, 94 S.Ct. 1611, 10 L.Ed.2d 111 (1974), which appears to be one case which presented similar legal issues. We find problems in following *Tang.* While the majority result is clear, there is no *ratio decidendi.* Judge Mulligan decided the case against the appellant by holding (as did our District Judge) that the District Court had no jurisdiction. Judge Hayes, however, while agreeing with Mulligan's result, based concurrence upon res judicata—a defense which we believe could only properly be pled and considered before the three-judge court itself. Judge Oakes, in a dissenting opinion, held that the court had jurisdiction, that the claims were not insubstantial, and had to be decided by a three-judge court. On the facts as recited in *Tang* we are inclined to agree with Judge Oakes.

The Supreme Court cases which appear closest to our instant problem on analysis offer no real help. *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), was a bill in equity to have a final judgment of a Circuit Court in Indiana declared null and void. It was not a case like our instant case attacking a state statute or regulation as violative of the Federal Constitution under § 1983 and seeking declaratory and injunctive relief. Clearly, in *Rooker,* the District Court had no jurisdiction.

In the cases which actually granted relief, *Schware v. Board of Bar Examiners of New Mexico,* 353 U.S. 232, 77 S.Ct. 752, 1 L.Ed.2d 796 (1957); *Konigsberg v. State Bar of California,* 353 U.S. 252, 77 S.Ct. 722, 1 L.Ed.2d 810 (1957), no three-judge court procedure was at issue. The Supreme Court granted certiorari as to final state court disbarment actions and reversed after finding the decisions below in violation of the First and Fourteenth Amendments to the United States Constitution. The two cases, of course, do stand for the proposition that although disciplinary procedures against members of a state bar are peculiarly matters of state concern, see *Theard v. United States,* 354 U.S. 278, 77 S.Ct. 1274, 1 L.Ed.2d 1342 (1957), they cannot be conducted in violation of the Federal Constitution. *Schware, supra,* 353 U.S. at 238–39, 77 S.Ct. 752; *Konigsberg, supra,* 353 U.S. at 273, 77 S.Ct. 722.

Finally, we note that the District Judge at the end of his interesting analysis in *Collis* said:

It is interesting to note that in *Taylor* [*v. Kentucky State Bar Association,* 424 F.2d 478 (6th Cir. 1970)], the Court of Appeals affirmed the District Court in ruling that the challenge of the statutes, court rules and canons of ethics did not present a substantial constitutional question requiring the convocation of a three-judge panel under 28 U.S.C. §§ 2281 and 2284. Thus, that would be strong authority for this Court, if it found it had jurisdiction, to find further that no sub-stantial constitutional question was presented. But that is not reached here. *Collis v. Reed,* 413 F.Supp. 507, 511 (E.D. Ky.1976).

As is obvious from what has been said above, we cannot decide these cases on lack of jurisdiction and must reach the substantiality question. As the District Judge noted, *Taylor* is strong authority for rejecting appellants' attacks upon the three tiered disbarment procedures established by Kentucky law and rule.

In *Taylor,* this court said:

A single judge may refuse to convene a three-judge panel "when the claim that a statute is unconstitutional is wholly insubstantial, legally speaking non-existent." *Bailey v. Patterson,* 369 U.S. 31, 33, 82 S.Ct. 549, 551, 7 L.Ed.2d 512 (1962). *See Ex parte Poresky,* 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152 (1933); *Ex parte Collins,* 277 U.S. 565, 48 S.Ct. 585, 72 L.Ed. 990 (1928); *Klein v. Lee,* 254 F.2d 188 (7th Cir. 1958). For the reasons stated in the order of the District Court, we agree that the Appellants' challenge of these statutes, court rules, and canons of ethics does not raise a substantial constitutional question requiring the convocation of a three-judge panel under 28 U.S.C. §§ 2281 and 2284 (1964). To this extent, the order of the District Court is affirmed.

*Taylor v. Kentucky State Bar Association,* 424 F.2d 478, 480 (6th Cir. 1970).

There are, as appellants assert, some unusual features in the Kentucky procedure. The State Bar Board of Governors' review of a complaint (Step 2) is entirely *in camera* excluding the respondents who had been complained against. And the recommendations of the Trial Committee (Step 1) and those of the Board of Governors (Step 2) are entirely advisory. Kentucky's highest court has interpreted its rule as reserving to itself final decision as to both guilt and penalty after its review of the record made before the Trial Committee and the recommendations of the Trial Committee

and the Board of Governors. *Kentucky State Bar Association v. Stivers*, 475 S.W.2d 900 (Ky.Ct.App.1972). Part 3 of the Rules of the Kentucky Court of Appeals provides a full hearing on written charges, with rights of confrontation and counsel before the Trial Committee. There is no allegation that those rights were not made available to appellants. The Court of Appeals decisions were based upon the full written record made before the Trial Committee and after full hearing before the Court of Appeals itself. The panel of this court which decided the *Taylor* case was, we feel, eminently correct in rejecting federal due process attacks upon K.R.S. § 30.170 (1975) and Part 3 of the Rules of the Kentucky Court of Appeals.

This being so, we feel justified in affirming the District Judge's dismissal of the Collis complaint in its entirety, since his federal constitutional claims are based entirely upon due process. Our affirmance is not planted on want of jurisdiction. It is based upon the fact that under a controlling precedent of this court, *Taylor v. Kentucky State Bar Association, supra,* Collis' due process claims are so insubstantial as to warrant dismissal by the single District Judge. His dismissal for want of jurisdiction does not prevent our affirming his result as a matter of law on grounds of insubstantiality of the due process claims. *See Jaffke v. Dunham*, 352 U.S. 280, 77 S.Ct. 307, 1 L.Ed.2d 314 (1957); *J. E. Riley Investment Co. v. Commissioner of Internal Revenue*, 311 U.S. 55, 61 S.Ct. 95, 85 L.Ed. 36 (1940); *Willett v. Commissioner of Internal Revenue*, 277 F.2d 586 (6th Cir.), *cert. denied,* 364 U.S. 914, 81 S.Ct. 276, 5 L.Ed.2d 226 (1960).

■ We reach the same result in the *Getty* case as far as Getty's due process claims are concerned. But Getty also complains that his rights to freedom of speech have been curtailed by the six months disciplinary suspension—at least part of which was occasioned by what he said during three somewhat heated state court trials. The District Judge expressed the view that Getty's complaint did present substantial constitutional issues. *Getty v. Reed*, 413 F.Supp. 511, 513 (E.D.Ky.1976).

The only substantial constitutional issue we find remaining is Getty's First Amendment claim us to which there must be further consideration.[4] As to Getty's case the judgment is vacated and the case is remanded for consideration and adjudication of Getty's First Amendment claim. In this regard, since there is no remaining attack upon state statute or rule or regulation, the claim may be heard and decided by the District Judge. In so doing, he should keep in mind the warnings of the Supreme Court that relief from state disbarment proceedings can only be had in unusual and limited circumstances—and then only upon proof of federal constitutional violation. *See generally Theard v. United States, supra; Schware v. Board of Bar Examiners of New Mexico, supra; Konigsberg v. State Bar of California, supra; Taylor v. Kentucky State Bar Association, supra.*

---

4. Getty's complaint alleges *inter alia*:

   7. This is an action brought pursuant to 42 United States Code ("U.S.C.") §§ 1981, 1983, and 1985 for the redress of rights, privileges and immunities secured to the Plaintiff by the Constitution of the United States including his right to freedom of speech under the First Amendment of the United States Constitution, but of which he has been deprived by the Defendants under color of state law; and this Court has jurisdiction of this action by the provisions of 28 U.S.C. § 1343(3) and (4) as well as by 42 U.S.C. § 1988, insofar as the latter section enlarges the jurisdiction conferred by 28 U.S.C. § 1343(3) and (4).