Richard J. GETTY, Plaintiff-Appellant,

v.

Scott REED, et al., Defendants-Appellees.

No. 80–3489.

United States Court of Appeals, Sixth Circuit.

Argued March 5, 1982.

Decided April 1, 1982.

---

* Honorable James P. Churchill, District Judge, United States District Court for the Eastern District of Michigan, sitting by designation.

Richard A. Getty, James Cox, Greene-baum, Doll & McDonald, Louisville, Ky., for plaintiff-appellant.

Thomas L. Hogan, Ky. Civil Liberties Union, Louisville, Ky., amicus curiae in Dist. Court.

Steven L. Beshear, Atty. Gen., of Ky., Michael R. Beiting, James Barr, Asst. Attys. Gen., Frankfort, Ky., for defendants-appellees.

Ben B. Fowler, Stites, McElwain & Fowler, Frankfort, Ky., for Ky. Bar Ass'n, etc.

Before EDWARDS, Chief Judge, WEICK, Senior Circuit Judge, and POR-TER,* Senior District Judge.

---

* Honorable David S. Porter, Senior District Judge, United States District Court for the Southern District of Ohio, sitting by designation.

**PER CURIAM.**

This case was heard before this court after Getty's civil rights complaint had been dismissed by the District Judge for want of jurisdiction. *Getty v. Reed,* 547 F.2d 971 (6th Cir. 1977). We remanded Getty's case for trial on his complaint "that his rights to freedom of speech had been curtailed by the six months disciplinary suspension—at least part of it was occasioned by what he said during three somewhat heated state court trials." *Id.* at 977.

We noted that the District Judge at hearing "should keep in mind the warnings of the Supreme Court that relief from state disbarment proceedings can only be had in unusual and limited circumstances—and then only upon proof of federal constitutional violation. *See generally Theard v. United States,* 354 U.S. 278 [77 S.Ct. 1274, 1 L.Ed.2d 1342] (1957); *Schware v. Board of Bar Examiners of New Mexico,* 353 U.S. 232 [77 S.Ct. 752, 1 L.Ed.2d 796] (1957); *Konigsberg v. State Bar of California,* 353 U.S. 252 [77 S.Ct. 722, 1 L.Ed.2d 840] (1957); *Taylor v. Kentucky State Bar Association,* 424 F.2d 478 (6th Cir. 1970)." *Id.*

A major part of this court's concern was that a number of the charges against Getty pertained to statements and actions outside of the courtroom, albeit, they were associated with the three trials referred to. Before this case was heard by the District Court on remand (but after this court's first decision), the United States Supreme Court decided *Mt. Healthy v. Doyle,* 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977), where· a unanimous Supreme Court held:

Initially, in this case, the burden was properly placed upon respondent to show that his conduct was constitutionally protected, and that this conduct was a "substantial factor"—or, to put it in other words, that it was a "motivating factor" in the Board's decision not to rehire him. Respondent having carried that burden, however, the District Court should have

gone on to determine whether the Board had shown by a preponderance of the evidence that it would have reached the same decision as to respondent's reemployment even in the absence of the protected conduct.

*Id.* at 287, 97 S.Ct. at 576.

In our instant case, Judge Siler properly noted that the Kentucky Court of Appeals had suspended Getty from practice for six months on charges which involved both in-court and out-of-court conduct. Judge Siler thereupon concluded that the case was controlled by *Mt. Healthy v. Doyle, supra,* and without approving Getty's out-of-court statements held that they were constitutionally protected conduct. He then concluded:

> Nevertheless, when the decision of the Kentucky Court of Appeals in this case is examined, it is clear that the Kentucky court would have decided to suspend Getty had it considered only permissable (sic) reasons, *i.e.,* his conduct in court. Of the four counts against Getty, the Kentucky Court discusses, three focus on Getty's trial-related behavior. The basis of the Kentucky Court's decision is revealed by its statement that "Getty's misconduct *in the courtroom* indicates that he has failed to honor the law." *Kentucky Bar Ass'n v. Getty,* [535 S.W.2d] at 94 (emphasis added). Therefore, the Kentucky court would have suspended Getty based solely on permissible reasons, that is, Getty's in-court conduct.

*Getty v. Reed,* No. 76–14 Slip op. at 3 (E.D.Ky. June 12, 1980).

This court notes that the Kentucky Court of Appeals (now the Kentucky Supreme Court) makes three findings. The first of which was as follows:

> This court does not view the conduct of Mr. Getty so lightly. On that occasion Getty not only called the County Attorney a damned liar on two occasions, but his conduct toward the County Judge was reprehensible. Getty paid no attention to the ruling of the judge. He badgered and harassed a witness. He was loud and boisterous. He accused the court of attempting to influence the jury against his client. He approached the bench, and within a very short distance from the judge pointed his finger at the court in a threatening and disrespectful manner. Getty's conduct during the trial caused the court to declare a mistrial. The judge found Getty in contempt for his boisterous and contemptuous attitude.

*Kentucky Bar Assoc. v. Getty,* 535 S.W.2d 91, 93 (Ky.1975). While the second sentence quoted above dealt with Getty's confrontations with the county attorneys and therefore may have pertained to out-of-court conduct, it is clear that the balance of the paragraph concerns in-court conduct which is subject to judicial discipline based on the standards of professional conduct. We agree with the District Judge that "the Kentucky Court would have suspended Getty based solely on permissible reasons."

The judgment of the District Court is affirmed.