## In re Waxman.

March 27, 1942.

Hubert Meredith, Attorney General, for complainants.

I. Arnold Waxman for respondent.

OPINION BY JUDGE FULTON—Confirming report.

The trial committee of the Kentucky State Bar Association, after a trial according to the rules of the Association, have found I. Arnold Waxman, a member of the Jefferson County Bar, guilty of unprofessional conduct and have recommended that he be disbarred and denied the privilege of continuing further the practice of the profession.

The report of the trial committee, accompanied by the transcript of evidence and proceedings before the committee, was filed in this court on December 31, 1941, and on that day a rule was issued directing Waxman within twenty days to file response and show cause why the findings and report of the committee should not be confirmed. This rule was executed January 9, 1942, but no response has been filed by him.

The finding of the committee was, in substance, that Waxman, while employed as attorney by Albert P. Molter, an ignorant, uneducated man, to represent him in the defense of an action, received from Molter $225 for the purpose of compromising the action but converted

the money to his own use so that Molter was later compelled, through subsequently employed counsel, to expend a like amount in settlement of the action. The committee also found that during the progress of the litigation Waxman borrowed $100 from Molter and also induced him to pay other smaller sums under the belief that these sums were due for court costs and other expenses, when, in fact no such sums were actually owing by Molter.

The committee further found that Waxman was guilty of unprofessional conduct in writing a will for Molter in which he, Waxman, was named as residuary legatee. This will was written after only a four months' acquaintance between Waxman and Molter and when the only service rendered by Waxman to Molter was in the conduct of the action previously mentioned. Molter later revoked this will and died during the pendency of the charges against Waxman. But for this revocation, Waxman would have profited to the extent of approximately $10,000 as residuary legatee under the will he had written.

We have examined the evidence and find that it amply sustains the finding of the trial committee that Waxman was guilty of highly unethical and unprofessional conduct in his dealings with this ignorant, uneducated client.

The report of the trial committee is accordingly confirmed, and it is ordered that Waxman's license be revoked and that he be disbarred and denied the privilege of continuing the practice of law.