**KENTUCKY BAR ASSOCIATION,**
**Complainant,**

v.

**Neville M. TUCKER, Respondent.**

Court of Appeals of Kentucky.

May 9, 1975.

Rehearing Denied June 27, 1975.
Certiorari Denied Jan. 12, 1976.
See 96 S.Ct. 785.

Leslie G. Whitmer, Counsel, Kentucky Bar Ass'n, Frankfort, for complainant.

Robert E. Delahanty, Delahanty & Terry, Louisville, for respondent.

PER CURIAM.

This is a disciplinary proceeding in which the Board of Governors of the Kentucky Bar Association found respondent guilty of unprofessional conduct and recommended that he be publicly reprimanded and ordered to pay the costs of the action.

A charge was filed against the respondent after he failed to file a response to the complaints certified to him. After the charge was filed, respondent failed to file a timely answer as required by RCA 3.160. The inquiry tribunal entered an order submitting the record to the Board of Governors for disposition. More than a month after submission, the respondent attempted to file a late answer to the charge.

The respondent settled a personal injury claim for a New Jersey client. After payment of expenses and attorney fee, there remained a balance of $42,666.96. Respondent forwarded a check to his client in the sum of $42,000, stating that $666.96 was being retained "until I can make the proper adjustment for the last plane ticket and a hotel bill which I neglected to include in the settlement as a deduction * * *. You shall hear from me again in a few days at which time I shall make the proper adjustments and forward the balance to you." About nine months later and after nine written demands by his client's New Jersey lawyer, respondent forwarded a check to his client for $550. This check was returned to the client twice marked "insufficient funds." After another eight

months elapsed and four additional written demands for payment, respondent forwarded another check to his client in the sum of $570. This check also was returned because of "insufficient funds." Four months later after respondent's client filed a complaint with the Kentucky Bar Association, respondent sent a certified check to his client in the sum of $570.

Count I of the charge has as its basis the withholding of the client's money. Count II of the charge is based on the respondent's checks being returned for "insufficient funds."

Respondent's answer recites that the delay in remitting funds was caused by the exchange of an airline ticket by the client and members of her family. Further that a certified check in the sum of $570 was submitted which represented the amount due the client plus the charges incurred by the return of the other checks.

Respondent argues that the vote of guilty on Count I by the Board of Governors does not represent a majority vote. We are not disposed to unravel this question for the reason that we direct this opinion to the matters contained in Count II of the charge.

■ The recommendation by the Board of Governors is advisory only. This means that this court must be the judge of the factual as well as the legal issues and of the final action to be taken. *Kentucky State Bar Association v. Stivers*, Ky., 475 S.W.2d 900 (1972).

■ We are of the opinion that the facts set out in Count II, and admitted by respondent, constitute such dishonesty by the respondent as to warrant permanent disbarment from the practice of law. The fact that these checks were returned for "insufficient funds" can only have one meaning, that is the client's funds were no longer intact. Simply stated, respondent had converted these funds to his own use. We see little difference in the facts here and those in *In re Waxman*, 290 Ky. 277, 160 S.W.2d 587 (1942), which resulted in the permanent disbarment of an attorney. The fact that restitution was made does not alter the initial dishonesty in misappropriating his client's funds. With respect to a client's funds in the hands of an attorney, he is the trustee of an express trust, and converting these funds to his own use is such reprehensible conduct as to make him unworthy of public confidence and unfit to discharge in a proper manner his obligations as an officer of the court.

■ Honesty, high ethical standards and good moral character are necessary qualifications for admission to the bar, and their existence is essential to the continuance of such membership. Therefore, when an attorney ceases to possess these traits of character in whatever mode or manner the want of them is exhibited, he may be removed.

Cf. *Kentucky Bar Association v. Collis*, Ky., 535 S.W.2d 95 (rendered May 9, 1975).

Accordingly, it is ordered that the respondent be and he is hereby permanently disbarred from the practice of law in this Commonwealth, and he is required to pay the costs of this proceeding.

All concur.