**KENTUCKY BAR ASSOCIATION, Complainant,**

v.

**John W. COLLIS, Respondent.**

Court of Appeals of Kentucky.

May 9, 1975.

Rehearing Denied June 27, 1975.

Certiorari Denied Jan. 12, 1976.

See 96 S.Ct. 775.

Gentry E. McCauley, Jr., Versailles, Leslie G. Whitmer, John T. Damron, Kentucky Bar Ass'n, Frankfort, David T. Enlow, Lexington, for complainant.

R. J. Turley, Turley, Savage & Moore, Lexington, for respondent.

PER CURIAM.

This is a disciplinary proceeding in which the Board of Governors of the Kentucky Bar Association found respondent guilty of unprofessional conduct and recommended that he be permanently disbarred from the practice of law.

A six-count charge was filed against respondent by the Kentucky Bar Association. A trial committee appointed in accordance with the rules heard the testimony of witnesses and after finding the respondent guilty on all counts recommended a reprimand. The Board of Governors at a subsequent meeting considered the record, found the respondent guilty on all counts, and recommended that the respondent be permanently disbarred from the practice of law. In response to the rule issued in accordance with the recommendation of the Board of Governors, respondent moved for an extension of time to file a supplemental brief after the taking of additional evidence and issued a *subpoena duces tecum* served on the secretary of the Kentucky Bar Association to produce all records relating to the disciplinary proceeding against the respondent, including the minutes of the meeting of the Board of Governors together with a notice to the secretary

of the Kentucky Bar Association to take his deposition. A motion to quash the subpoena and notice was granted by this court.

Respondent alleges that some sinister influence was at work because of the wide disparity between the recommendation of the trial committee and that of the Board of Governors. We consider the taking of further evidence and examination of the records of the meeting of the Board of Governors as to the reasons, if any, for the disparity between the recommendation to be irrelevant. We again point out that "the report and recommendations of the trial committee are only advisory to the Board of Governors, as are the Board's recommendations to this court. * * * This means, of course, that in the end this court must be judge of the factual as well as the legal issues and of the final action to be taken." *Kentucky State Bar Association v. Stivers*, Ky., 475 S.W.2d 900, 903 (1972).

We review the record and arrive at our own conclusion as to the proper disposition of the case. The record here is voluminous and covers in minute detail every aspect of the counts contained in the charge. Without a tedious detailing of the facts, the record clearly discloses that in three cases the respondent wrongfully withheld his clients' funds for varying periods of time, and in each case one or more times issued checks which were returned for "insufficient funds." The respondent's conduct as revealed in this record is so bizarre that we cannot imagine any reasonable explanation, and the attempted explanation for the conduct strains the bounds of credulity. In short, we find no satisfactory explanation which could mitigate the seriousness of respondent's conduct. We are of the opinion that the conduct of respondent portrays such a pattern of dishonesty and lack of ethical standards in dealing with his clients, that he is no longer fit to be a member of the bar. See *Kentucky Bar Association v.*

*Tucker*, Ky., 535 S.W.2d 97 (rendered May 9, 1975).

The only inference which can be drawn from the testimony in this record is that the respondent converted his clients' funds to his own use. The checks returned for "insufficient funds" from different bank accounts in the circumstances presented here, without any credible explanation, can only mean that the clients' funds were no longer intact and were converted by the respondent to his own use. This conduct warrants the permanent disbarment of an attorney from the practice of law. *In re Waxman*, 290 Ky. 277, 160 S.W.2d 587 (1942).

When an attorney converts his client's funds to his own use, he commits an offense greater and broader than a mere injury to his client, he brings the entire bar into disrepute in the eyes of the public. Such conduct evinces the unfitness of the attorney to be a member of the legal profession and an officer of the court.

Respondent's argument that his clients did not suffer a loss and that all funds were finally paid cannot be considered mitigating in the circumstances presented here.

The public is entitled to rely on an attorney's admission to the practice of law as a certification of the attorney's honesty, high ethical standards and good moral character. If the public's confidence in the legal profession is to be maintained, it is the duty of the Kentucky Bar Association and this court to remove those attorneys who by their dishonest actions in dealing with clients' funds and otherwise demonstrate a lack of these qualities. Respondent's conduct in our opinion is so reprehensible as to make him unworthy of public confidence and unfit to be an officer of the court.

Accordingly, it is ordered that respondent be and he is hereby permanently disbarred from the practice of law in this

Commonwealth, and he is required to pay the costs of this proceeding.

All concur.