**KENTUCKY BAR ASSOCIATION, Complainant,**

v.

**Phillip R. GROGAN, Respondent.**

**No. SC–216–KB.**

Supreme Court of Kentucky.

July 1, 1977.

Rehearing Denied Aug. 19, 1977.

Leslie G. Whitmer, Director, John T. Damron, Asst. Director, Kentucky Bar Ass'n, Frankfort, for complainant.

William E. Rummage, Rummage, Kamuf & Yewell, Owensboro, for respondent.

Order and Opinion–Per Curiam.

This is a disciplinary proceeding against Phillip R. Grogan. On March 31, 1976, the Kentucky Bar Association filed a formal complaint against respondent in which he was charged with converting a client's money to his own use. The misdoing came about in the following manner.

On February 4, 1975, respondent represented a client in a real estate closing. The property conveyed was subject to a mortgage to the Prudential Insurance Company of America, which was to be fully paid by the respondent from the funds received by him from the sale. These funds were appropriated by respondent to his own use. The encumbrance was not paid and foreclosure proceedings were commenced, but the suit had not actually been filed. On November 7, 1975, some seven months after the time he received the funds and after repeated efforts were made to secure the payment, the respondent paid the full amount of the balance due on the loan, plus interest and late charges.

The respondent admits to his misdoings and cooperated with the Kentucky Bar Association in the processing of this complaint. He comes before this court with a plea for leniency.

Respondent did not testify, nor is any explanation given for his actions. He offered four character witnesses who were very complimentary of his ability as a practicing attorney. The Trial Committee of the Bar Association recommended to the Board of Governors that respondent be suspended from the practice of law for three years. The Board of Governors recommends that respondent be suspended from

the practice of law for three years and be required to pay the costs of this action.

In the response filed by counsel for respondent, it is stated that respondent received a fair and impartial trial and that he had no dispute with the facts as stipulated between petitioner and respondent. He requests this court, in mitigation of punishment, to give weight and consideration to the evidence relative to his professional conduct prior to, and subsequent to, the date of the charged offense.

This court has consistently held that where the evidence discloses that an attorney has wrongfully appropriated to his own use the funds of his client, his culpability is great and his membership in the Kentucky Bar Association should be terminated. *Kentucky Bar Association v. Friedlander*, Ky., 536 S.W.2d 454 (1976); *Kentucky Bar Association v. Tucker*, Ky., 535 S.W.2d 97 (1975); *Kentucky Bar Association v. Collis*, Ky., 535 S.W.2d 95 (1975). Consistent with this policy, we are of the opinion that the recommendation of the Board of Governors should not be followed.

Respondent is disbarred from the further practice of law within this Commonwealth, and he is ordered to pay the costs of these proceedings.

All concur.