**418**

KENTUCKY BAR ASSOCIATION,
Complainant,

v.

Martin C. BROWN, Respondent.

Supreme Court of Kentucky.

March 31, 1981.

Leslie G. Whitmer, Director, Michael M. Hooper, Asst. Director, Kentucky Bar Association, Frankfort, for complainant.

Daniel T. Albers, Louisville, for respondent.

## OPINION OF THE COURT

This is a disciplinary action in which the Board of Governors of the Kentucky Bar Association found respondent guilty of unprofessional conduct and recommended that he be disbarred.

The respondent accepted employment to settle an estate which involved filing a wrongful death action in United States District Court. During the pendency of this action substantial sums of money were advanced to respondent for anticipated court costs and expenses of litigation. The trial of the lawsuit resulted in a directed verdict for the defendant and dismissal. Respondent failed to pay court costs and expert witness fees, failed to render an accounting of the funds although numerous requests were made for an accounting. After many demands to refund the balance of the advanced fund, respondent wrote a check in the sum of $400 as a partial refund. When presented for payment the check was returned due to insufficient funds.

Respondent made an admission of guilt to the charges. At the time the respondent was charged with unprofessional conduct here, he was under a three-year suspension from the practice of law for neglect of the legal affairs of four separate clients. *Kentucky Bar Ass'n. v. Brown*, Ky., 599 S.W.2d 169 (1980).

We adopt the findings of the Board of Governors of the Kentucky Bar Association.

 In his financial dealings with a client, the attorney is expected to be faithful to a standard of scrupulous honesty. Persistent failure to account for funds as here leads to an inference the funds have been misappropriated and certainly the check returned by reason of insufficient funds can only mean the client's funds are no longer intact and were converted by respondent to his own use. We have denounced such conduct in *Kentucky Bar Assoc. v. Collis*, Ky., 535 S.W.2d 95 (1975) and *Kentucky Bar Assoc. v. Tucker*, Ky., 535 S.W.2d 97 (1975). Such unethical and unprofessional conduct brings the bench and bar into disrepute.

We are of the opinion that respondent has demonstrated such dishonest conduct in dealing with his client's funds as to make him unworthy of public confidence and unfit to be an officer of this court.

Accordingly it is ordered that respondent be and he is hereby permanently disbarred from the practice of law in this Commonwealth, and he is required to pay the cost of this proceeding.

All concur.