**KENTUCKY BAR ASSOCIATION,
Complainant,**

v.

**William A. JOHNSON, Respondent.**

Supreme Court of Kentucky.

Nov. 2, 1983.

Motion for Rehearing Denied
Dec. 22, 1983.

Bruce K. Davis, Director, Michael M. Hooper, Asst. Director, Kentucky Bar Association, Frankfort, for complainant.

William A. Johnson, pro se.

## OPINION OF THE COURT

This is a disciplinary case in which the Board of Governors of the Kentucky Bar Association recommended to this court that respondent be disbarred for unethical and unprofessional conduct calculated to bring the bench and bar into disrepute.

We have reviewed the record and adopt the recommendation of the Board of Governors.

■ A resume of the charges is as follows: three charges of misappropriating the funds of clients, the sums involved are $1000, $1000, and $17,500; one charge that respondent was convicted of criminal possession of a forged instrument, a Class D felony, this conviction is final having been affirmed on appeal; two charges involving lending money to a client in a Workers' Compensation case and false representations to the client in the same case.

The evidence on these charges is overwhelming and that pertaining to the criminal conviction is conclusive.

It is the nature of this evidence which led us to deny respondent's request for additional time to file response and for appointment of a *guardian ad litem* since at the time of the filing of the motion the respondent was in the Kentucky State Reformatory, LaGrange, Kentucky.

The principal defense interposed by respondent was that of a psychiatrist. He testified that because of a deprived background and growing up under conditions of poverty, the respondent in many respects did not develop the normal patterns of proper moral and social conduct. We are of the opinion this is not a defense in any respect.

Aside from the criminal conviction which in itself is sufficient to warrant disbarment, we are of the opinion the record demonstrates an absolute lack of honesty and fidelity to the interests of his clients.

■ We observe that in dealing with money belonging to his clients, the lawyer is trustee of an express trust, and failure to observe the highest standards of honesty in this respect inevitably results in disbarment. *Kentucky Bar Assoc. v. Tucker*, Ky., 535 S.W.2d 97, cert. den., 423 U.S. 1054, 96 S.Ct. 785, 46 L.Ed.2d 644 (1975); and *Kentucky Bar Assoc. v. Collis*, Ky., 535 S.W.2d 95, cert. den., 423 U.S. 1049, 96 S.Ct. 775, 46 L.Ed.2d 637 (1975).

Accordingly it is ordered that respondent be and he is hereby disbarred from the practice of law in the Commonwealth and is directed to pay the costs of the proceedings.

All concur.