**KENTUCKY BAR ASSOCIATION,**
Complainant,

v.

**Graddy W. JOHNSON, Respondent.**

Supreme Court of Kentucky.

March 21, 1985.

Bruce K. Davis, Director, Michael M. Hooper, Asst. Director, Ky. Bar Ass'n, Frankfort, for complainant.

Julius Rather, Lexington, for respondent.

OPINION OF THE COURT.

The Board of Governors of the Kentucky Bar Association found the respondent guilty of violation of the Code of Professional Responsibility, SCR 3.130. The Board found that the action of respondent constituted unethical and unprofessional conduct tending to bring the bench and bar into disrepute. The Board recommends disbarment.

The facts in the case are not in dispute. A client of respondent's was involved in an automobile accident sustaining injuries which required hospitalization. The client's insurance company, from September to January, forwarded to respondent on four occasions checks made out to the client and respondent in varying amounts for loss of wages and hospital expenses.

In each instance, respondent would deposit the check in his account and issue a check for part of the amount to his client. Throughout, respondent represented to his client that the insurance company had not paid the full amount of the basic reparations when, in fact, the company had done so.

Putting the situation in its simplest terms, respondent converted his client's money to his own use and lied to his client in an attempt to cover up his conduct. The client called on respondent regularly for information concerning the claim and payment. Just as regularly, the respondent replied falsely.

Respondent testified he had financial problems by reason of compulsive gambling and has been under psychiatric care for a condition known as manic depressive disease for which he has been taking prescribed medication. Respondent argues that although he is now well aware of the unethical and unprofessional conduct committed by him, he was not aware of his actions at the time the misdeeds occurred.

We have reviewed the record with particular attention to testimony by the respondent. His assertion of not knowing what he was doing strains the bounds of credibility to beyond the breaking point. We reject this argument. Over a period of about four months, there were four occasions of misappropriating client's funds and numerous evasions and falsehoods in replies to client inquiry. There is simply nothing in the record to even suggest that on each of these widely separated occasions the respondent's mind went blank.

Although respondent apparently has mental problems, we do not regard the problems as having any mitigating effect on his reprehensible conduct.

Respondent invites us to set guidelines for cases involving mental disability, citing *In re Weyhrich*, Minn., 339 N.W.2d 274 (1983). We have reviewed the case with a great deal of interest and will consider

appropriate guidelines in an appropriate case. That situation is not presented here.

We are of the opinion we have a duty in cases such as this to protect the public and preserve the integrity of the legal profession by disbarring lawyers who misappropriate a client's funds. We find the circumstances here to be approximately the same as those in *Kentucky Bar Association v. Collis*, Ky., 535 S.W.2d 95 (1975); *Kentucky Bar Association v. Tucker*, Ky., 535 S.W.2d 97 (1975); and *Kentucky Bar Association v. Friedlander*, Ky., 536 S.W.2d 454 (1976).

In *Collis* we said:

When an attorney converts his client's funds to his own use, he commits an offense greater and broader than a mere injury to his client, he brings the entire bar into disrepute in the eyes of the public. Such conduct evinces the unfitness of the attorney to be a member of the legal profession and an officer of the court.

We adhere to this standard in all respects. Accordingly, it is the judgment of this court that respondent be, and he is hereby disbarred from the practice of law in the Commonwealth and is directed to pay the costs of the proceedings.

AKER, GANT, STEPHENSON, VANCE and WINTERSHEIMER, JJ., concur.

STEPHENS, C.J., not sitting.

LEIBSON, J., files a separate concurring opinion.

LEIBSON, Justice, concurring.

I concur because the attorney deliberately and intentionally mislead his client by concealing receipt of that portion of the funds representing reimbursement from the insurance carrier for medical expenses. The evidence showed that he was intentionally misappropriating his client's money, rather than mistakenly thinking he had a right to keep as a fee any portion of the money received.

The holding in this case should not be misconstrued to extend the severe penalty of disbarment to less serious misconduct of this nature. Here it was clear from the circumstances that the attorney had absolutely no right to keep the money as a fee, and that he knew he had no such right.