**KENTUCKY BAR ASSOCIATION, Complainant,**

v.

**Isaac L. CONLEY, Jr., Respondent.**

Supreme Court of Kentucky.

April 10, 1986.

Michael M. Hooper, Asst. Director, Kentucky Bar Ass'n, Frankfort, for complainant.

Isaac L. Conley, Jr., Louisville, for respondent.

## OPINION AND ORDER

This is a disciplinary proceeding in which the Board of Governors of the Kentucky Bar Association, by a 12–0 vote, found respondent guilty of unprofessional conduct and recommended that he be permanently disbarred from the practice of law.

We have reviewed the record and adopt the recommendation of the Board of Governors.

■ A 12-Count charge was filed against respondent by the Kentucky Bar Association. A resume of these charges is as follows: six counts of acceptance of legal fees and failure to file the actions contracted for; three counts of failure to perform contracted services other than filing legal actions; one count of representation of an estate in which respondent misappropriated the proceeds of a sale of property in the amount of $7,426.50, comingling this sum with his own personal funds; one count of failure to return fees after temporary suspension from the Kentucky Bar Association; and one count of acceptance of $2,300.00 to perfect an appeal and obtain a transcript, which money was never paid for the transcript. The appeal was never perfected and subsequently was dismissed. Respondent has failed to answer to these charges.

The respondent has failed, on two occasions, to appear before this court to show cause why he should not be held in contempt for not complying with an order of temporary suspension and a subpoena duces tecum. Respondent's conduct demonstrates a total disregard for the rules and procedures of this court and the Kentucky Bar Association.

■ This court is of the opinion that the record demonstrates respondent's lack of honesty and fidelity to the interests of his clients. We observe that in dealing with money belonging to his clients, the lawyer is trustee of an express trust, and failure to observe the highest standards of honesty in this respect results in disbarment. *Kentucky Bar Association v. Tucker*, Ky., 535 S.W.2d 97, cert. den. 423 U.S. 1054, 96 S.Ct. 785, 46 L.Ed.2d 644 (1975); and *Kentucky Bar Association v. Collis*, Ky., 535 S.W.2d 95, cert. den. 423 U.S. 1049, 96 S.Ct. 775, 46 L.Ed.2d 637 (1975).

Accordingly, IT IS ORDERED that respondent be and he is hereby permanently disbarred from the practice of law in the Commonwealth of Kentucky, and he is directed to pay the costs of the proceedings.

All concur.
s/Robert F. Stephens