**KENTUCKY BAR ASSOCIATION,**
**Movant,**

v.

**Mark T. WATSON, Respondent.**

**Nos. 91–SC–552–KB, 91–SC–665–KB.**

Supreme Court of Kentucky.

Jan. 16, 1992.

Raymond Clooney, Kentucky Bar Ass'n, Frankfort, for movant.

Mark T. Watson, Elizabethtown, for respondent.

## OPINION AND ORDER

Mark T. Watson was charged in two separate proceedings by the Inquiry Tribunal. In the first action, the respondent was accused of violating then DR 1–102(A)(3),(4),(5) and (6); DR 9–102(B)(1) and (4); and SCR 3.130(1). The Board of Governors found as fact that in 1987 the respondent was engaged by the complainant to represent her in a personal injury case. Without her knowledge or consent, respondent not only settled the suit, but following this action misrepresented its status to her for over six months, and proceeded during this time to misuse the complainant's funds. The Board, noting the respondent's wrongful endorsement of the complainant's settlement check, unanimously found the respondent guilty of unprofessional conduct and recommended he be permanently disbarred from the practice of law.

The Inquiry Tribunal, in the second disciplinary proceeding, charged the respondent with neglecting a legal matter entrusted to him in violation of then DR 6–101(3); and with failure to refund a legal fee connected with that suit, in violation of then DR 2–110(A)(3). Pursuant to the default provision of SCR 3.210(1), the respondent's second case was considered by the Board of Governors, who found him guilty of neglect, and recommended his suspension for one year from the practice of law, subject to readmittance when the advance legal fee was repaid by him to his client.

Having reviewed the record, the Court adopts the recommendation of the Board of Governors in both disciplinary actions and thus orders the respondent's permanent disbarment.

■ Evidence in the first proceeding is sufficient to find that the respondent wrongfully withheld client funds and converted them to his personal use. Under the circumstances, later repayment of the complainant's funds by the respondent need not be considered mitigating. *Kentucky Bar Association v. Collis*, Ky., 535 S.W.2d 95 (1975).

The Court also finds sufficient evidence in the second proceeding to find respondent guilty of neglecting a legal matter entrusted to him and guilty of failing to refund an unearned legal fee.

Respondent's conduct in these proceedings portrays such a pattern of dishonesty and lack of ethical standards in dealing with his clients, that he is no longer fit to be a member of the bar. *Kentucky Bar*

*Association v. Tucker*, Ky., 535 S.W.2d 97 (1975).

Respondent was admitted to practice in 1979. Considering respondent's record of conduct as demonstrated by these charges and his past history of discipline, this Court orders his permanent disbarment from the practice of law in this Commonwealth.

Respondent is directed to repay fees retained during his representation in the second action and to pay the costs of both proceedings.

All sitting.

All concur.

ENTERED January 16, 1992.

/s/ Robert F. Stephens
CHIEF JUSTICE