**KENTUCKY BAR ASSOCIATION,
Complainant,**

v.

**Stephen R. BODELL, Respondent.**

**No. 91–SC–619–KB.**

Supreme Court of Kentucky.

Oct. 22, 1992.

---

## OPINION AND ORDER

The Inquiry Tribunal brought three separate charges against respondent, Stephen R. Bodell. The first charge contains two counts. In Count I respondent was charged with the violation of DR 1–102(A)(3), (4), (5) and (6). These provisions prohibit a lawyer from engaging in illegal conduct involving moral turpitude; conduct involving dishonesty, fraud, deceit or misrepresentation; conduct that is prejudicial to the administration of justice or any other conduct that adversely reflects on his fitness to practice law.

The Board of Governors found as a fact that, as to Count I, respondent had failed to file his Kentucky Income Tax Returns for two years. Respondent was convicted on two counts of failing to file income tax returns and was sentenced to two years in the penitentiary on each count.

The Board found as a fact that, in regards to Count II of the first charge, respondent falsely testified during the course of his criminal trial for tax evasion. Respondent testified at his trial that he had filed income tax returns for the years 1987, 1988 and 1989. Previously respondent had testified under oath during a bankruptcy hearing that he had not filed tax returns for 1987 and 1988. Respondent has been charged with violating SCR 3.130–8.3(b) and (c). This rule prohibits a lawyer from committing a criminal act which reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer. It also prohibits a lawyer from engaging in conduct involving dishonesty, fraud, deceit or misrepresentation. Additionally, respondent has been charged with violating SCR 3.130–3.3(a) which prohibits a lawyer from knowingly making a false statement of material fact or law to a Tribunal.

In the second charge it was alleged that respondent acted in violation of SCR 3.130–1.4. This rule provides that lawyers should keep a client reasonably informed about the status of a matter and promptly reply with reasonable requests for information.

The Board of Governors found as fact that in 1989 respondent had been retained to represent a client in a civil action. Months into the representation the client was unable to conduct regular communications with respondent. By a unanimous vote, the Board found that respondent did not keep his client reasonably informed about the status of the matter nor did he promptly reply to requests for information.

In the third charge it was alleged that respondent acted in violation of SCR 3.130–1.1 and 1.3. Rule 1.1 requires a lawyer to provide competent representation to a client. Rule 1.3 requires a lawyer to act

with reasonable diligence and promptness in representing a client.

The Board of Governors found as fact that respondent failed to provide reasonable representation and that respondent did not act with reasonable diligence and promptness in representing his client.

Having reviewed the record, the Court adopts the recommendation of the Board of Governors and orders that the respondent be permanently disbarred from the practice of law.

The evidence is sufficient to find that respondent: (1) failed to make and file Kentucky Income Tax Returns; (2) falsely testified under oath; (3) failed to have regular communications with a client; (4) failed to keep a client informed as to the status of a case and (5) provided incompetent representation to a client.

In *Kentucky Bar Association v. Tucker*, Ky., 535 S.W.2d 97, 98 (1975) the Court stated that

> [h]onesty, high ethical standards and good moral character are necessary qualifications for admission to the bar, and their existence is essential to the continuance of such membership. Therefore, when an attorney ceases to possess these traits of character in whatever mode or manner the want of them is exhibited, he may be removed.

Respondent's conduct in these proceedings portrays such a pattern of dishonesty and lack of ethical standards that he is no longer fit to be a member of the bar.

Respondent was admitted to practice law in 1980. Considering respondent's record of conduct as demonstrated by these charges and his past history of discipline, this Court orders his permanent disbarment from the practice of law in this Commonwealth.

Respondent is directed to pay the costs of the proceedings.

All concur.

ENTERED October 22, 1992.

/s/ Robert F. Stephens
Chief Justice