Thomas C. **RUTLAND**, as Administrator of the Estate of Glenn Rubin Rutland, deceased, Plaintiff,

v.

W. R. **SIKES**, Sr., and W. R. Sikes, Jr., Defendants.

**Civ. A. No. 7573.**

United States District Court
E. D. South Carolina,
Orangeburg Division.

April 6, 1962.

———◆———

Marshall B. Williams, W. T. Klapman, L. M. Fanning, Orangeburg, S. C., for plaintiff.

F. R. Gressette, St. Matthews, S. C., William H. Duncan, West Columbia, S. C., and J. Reese Daniel, Columbia, S. C., for defendants.

WYCHE, Chief Judge.

This case is before me upon motion of the defendants W. R. Sikes, Sr. and W. R. Sikes, Jr. for a new trial on the ground that "one of the defendants is a minor, and that no Guardian ad Litem was appointed to represent the interest of said minor in accordance with Rule 17(c) of the Rules of Civil Procedure for United States District Courts".

The motion for a new trial is made by William H. Duncan, an attorney employed by the insurance carrier and who represented the defendants at the trial, and J. Reese Daniel, an attorney for the insurance carrier, who was not of counsel for the defendants at the trial.

F. R. Gressette is the personal attorney for the defendants and represented them at the trial of the case. He did not sign or make the motion for a new trial, but stated at the hearing that he would join in the motion.

F. R. Gressette, the personal attorney for the defendants, knew that one of the defendants was a minor and knew that a guardian ad litem had not been appointed for him in this action. He knew that in an action in the State Court growing out of the same facts as in this case the defendant W. R. Sikes, Sr. had been duly appointed guardian ad litem for the minor defendant W. R. Sikes, Jr. in the State Court action. Repeated attempts on my part to have the attorneys for the defendants to explain to me why they did not notify the court of the minority of the defendant W. R. Sikes, Jr. at or before or during the trial of the case were to no avail. The only reply I could get to my questions was from attorney Gressette who said, "I just didn't".

In my opinion the rights and interests of the minor in the instant action were fully represented and adequately protected by the presence of his father, one of the defendants in the action, and his attorneys, and that no injury resulted to the minor from the failure to appoint a guardian ad litem for him.

Everything was done for the minor defendant by his father and his able and experienced attorneys that could have been done if a guardian ad litem had been formally appointed. I do not know of anything that could have been done for the minor that was not done by his father and his able and experienced counsel.

The requirements of Rule 17(c), 28 U.S.C.A. were substantially complied with and the failure to appoint a guardian ad litem for the minor defendant does not render the judgment void. See, Westcott v. United States Fidelity & Guaranty Co. (CA 4) 158 F.2d 20 (1946).

It is, therefore, ORDERED, That the motion for new trial be and the same is hereby denied.