861 F.2d 719
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Glenn R. BLACK, Plaintiff-Appellant,
Peter T. Zackaroff, Plaintiff,
v.
KOCH TRANSFER COMPANY, Steve Steidinger, and Moran &
Carroll, Defendants- Appellees.
 No. 87-3841.
 United States Court of Appeals, Sixth Circuit.
 Nov. 4, 1988.
 
 Before KEITH, RALPH B. GUY, Jr. and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Glenn R. Black claims on appeal that the district court erred in failing to rule upon a motion for appointment of a guardian ad litem for minor children in this wrongful death action. Black is the administrator of the estate of Ruth Bowman who was the administratrix of the decedent's estate in the wrongful death action at the time the motion for a guardian was filed. Accordingly, in the interest of simplicity, we will refer to Bowman as the plaintiff-appellant in these proceedings.
 
 
 2
 Upon a review of the record, we conclude that Bowman's motion was withdrawn and that the interests of the minor children were adequately represented and protected in the district court. Accordingly, we affirm.
 
 I.
 
 3
 The underlying action in this appeal is a wrongful death claim arising out of the death of Maureen Kaviris, who was struck and killed by a tractor-trailer truck on June 4, 1984. On January 2, 1986, Ruth Bowman, the original administratrix for the estate of the decedent, moved the district court pursuant to Fed.R.Civ.P. 17(c) for an order appointing an independent guardian ad litem for the five minor children of the decedent.[1] On May 2, 1986, Ruth Bowman was removed from her position as administratrix of the estate based upon the finding by the referee for the probate court that Bowman had been "neglectfull [sic] of her duty as administratrix to promptly, diligently and skillfully pursue the wrongful death action...." (App. 52). Subsequently, the probate court appointed Peter T. Zackaroff administrator of the estate.
 
 
 4
 On July 15, 1986, the trial court issued an order granting Peter Zackaroff's motion for substitution of parties naming Zackaroff as the plaintiff in this action. According to relevant state law, the administrator is the proper plaintiff in a wrongful death action. The trial court's order also directed as follows:
 
 
 5
 There are several other motions pending in this matter, some of which are now presumably moot. Counsel for the parties are directed to confer for the purpose of reviewing the file and advising this court as to the status of pending motions within fifteen days of this order.
 
 
 6
 (App. 58). On July 30, 1986, Zackaroff notified the trial court that all pending motions had been withdrawn on behalf of all parties. (App. 73). On August 4, 1986, the district court issued an order acknowledging that all pending motions had been withdrawn. (App. 75).
 
 
 7
 Approximately two weeks prior to trial, the defendants made an offer of judgment to plaintiff pursuant to Fed.R.Civ.P. 68 in the amount of $250,000. The defendants' offer was not accepted and the case proceeded to trial. On July 27, 1987, the jury returned a verdict in favor of plaintiff in the amount of $5,700 on the survival action and $165,000 on the wrongful death action. On July 31, 1987, judgment was entered accordingly.
 
 
 8
 On August 31, 1987, Ruth Bowman filed a notice of appeal from the July 31, 1987, judgment. In her brief filed December 21, 1987, Bowman raised only one issue: "[W]hether or not the District Court erred, in failing to appoint a guardian ad litem, for the five (5) Kaviris minors in New York, Fed.R.Civ.P. # 17(c), under the circumstances of this case."
 
 II.
 
 9
 Bowman argues on appeal that the district court erred in not ruling upon her motion for appointment of a guardian ad litem for the five minor children of the decedent.[2] According to Bowman, because no guardian ad litem was appointed, the minor children suffered a loss of $85,000 when the plaintiff rejected the defendants' offer of $250,000 and the jury awarded "only $165,000."[3] Bowman cites the case of Noe v. True, 507 F.2d 9 (6th Cir.1974), as authority for her position.
 
 
 10
 The plaintiff in Noe v. True was a fourteen-year old female child committed to the custody of the Department of Human Resources of the State of Kentucky. The Noe v. True plaintiff was pregnant and sought to challenge the constitutionality of a Kentucky statute which prohibited her custodian from consenting to or funding an abortion. She also sought an injunction directing her custodian to arrange for her abortion. The plaintiff had petitioned the trial court for appointment of a guardian ad litem, but that motion was not ruled upon by the trial judge prior to his dismissal of the action for failure to state a claim. On appeal, this court stated:
 
 
 11
 Although the court was specifically asked to do so, it failed to consider the application for appointment of a guardian ad litem, and did not act in any other way to protect the interests of the minor plaintiff.... It has been held that the failure to consider the necessity for a guardian ad litem and to make a determination appointing one, or finding that the minor's interests were protected without one, is fatal to the judgment rendered under such circumstances.
 
 
 12
 Id. at 11 (citation omitted).
 
 
 13
 Unlike the situation in Noe v. True, where the district court completely failed to address an outstanding motion for appointment of a guardian ad litem, the motion for appointment of a guardian ad litem filed in this case was withdrawn by the substituted plaintiff, who had full authority to do so, and therefore no such motion was pending before the trial court for its decision.[4] In the event that Bowman is arguing that the trial court should have ruled sua sponte on the matter of appointing a guardian ad litem, we find no error in the trial court's failure to do so. The decision as to whether or not to appoint a guardian ad litem rests with the sound discretion of the district judge and will not be disturbed unless there has been an abuse of discretion. Developmental Disabilities Advocacy Center, Inc. v. Melton, 689 F.2d 281 (1st Cir.1982).
 
 
 14
 Zackaroff, who is the administrator of the decedent's estate, is the proper plaintiff in this wrongful death action. Bowman's claim that the children were damaged to the extent of $85,000, based upon the plaintiff's failure to accept the defendants' offer of judgment, is made by Bowman with the benefit of hindsight and the knowledge of the amount ultimately awarded by the jury. We are not persuaded that the appointment of a guardian ad litem to represent the Kaviris children would have resulted in the plaintiff's acceptance of the defendants' offer of judgment, nor are we persuaded that the appointment of a guardian ad litem would have had any effect on the final judgment entered in the wrongful death action. The administrator brought this wrongful death action on behalf of the estate of Maureen Kaviris, and the children's similar interest in a money judgment was adequately represented. Hoffert v. General Motors Corp., 656 F.2d 161, 164 (5th Cir.1981), cert. denied, 456 U.S. 961 (1982); Croce v. Bromley Corp., 623 F.2d 1084, 1093 (5th Cir.1980), cert. denied, Bromley Corp. v. Cortese, 450 U.S. 981 (1981); Rutland v. Sikes, 203 F.Supp. 276, 277 (E.D.S.C.), aff'd, 311 F.2d 538 (4th Cir.1962), cert. denied, 374 U.S. 830 (1963). We therefore conclude that the district court committed no error in failing to appoint a guardian ad litem for the five minor children of the decedent.
 
 
 15
 AFFIRMED.
 
 
 16
 RYAN, Circuit Judge, concurring.
 
 
 17
 I concur in the court's judgment in this matter but solely on the ground that, as my brother states, "... the motion for appointment of a guardian ad litem filed in this case was withdrawn by the substituted plaintiff, who had full authority to do so, and therefore no such motion was pending before the trial court for its decision." (Footnote omitted.)
 
 
 
 [1]
 Fed.R.Civ.P. 17(c) states in pertinent part:
 An infant or incompetent person who does not have a duly appointed representative may sue by next friend or by a guardian ad litem. The court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person.
 
 
 [2]
 From the outset we note that the district court's August 4, 1986, order acknowledging the withdrawal of all pending motions was issued three months after Bowman was removed from her position as administratrix of the estate and roughly two weeks after Zackaroff was substituted in as the plaintiff in this matter. Therefore, it is not entirely clear that Bowman has standing to raise this question on appeal since she was not a party to the action at the time of the district court's acknowledgement of the withdrawal of all pending motions and consequent failure to rule on the motion for appointment of a guardian ad litem. Nevertheless, we shall proceed to address the question which Bowman raised on appeal
 
 
 [3]
 As noted above, the jury actually awarded plaintiff $165,000 on the wrongful death claim along with an additional $5,700 on the survival action
 
 
 [4]
 We note additionally that, in Noe v. True, the minor was the plaintiff which is not the situation here where the administrator of the estate is the plaintiff